■ EDWARD LANE, Doing Business as HETTRICH ELECTRIC SERVICE, Appellant, v. NEW YORK TELEPHONE COMPANY, Respondent.— Judgment reversed on the law, with costs, and motion for summary judgment denied, without costs. Memorandum: This is not an appropriate case for disposition by summary judgment. The first cause of action sounds in tort. It charges the defendant with gross negligence in erroneously transposing two advertisements by the plaintiff in the classified telephone directory published by the defendant. It appears that the plaintiff's advertisement of automotive parts was listed under the heading of lawn mowers and the plaintiff's advertisement of lawn mowers was listed under the heading of automotive supplies and parts. This action is not one of the enumerated actions under rule 113 of the Rules of Civil Practice; a motion by the defendant for a dismissal of the complaint under that rule can be granted only if the answer sets forth a defense which

is sufficient as a matter of law and which "is found upon facts established prima facie by documentary evidence or official record". The defendant relies upon an exculpatory clause in its contract which provides that "In the event of error \* \* \* liability, if any, therefor shall in no case be more than the amount which shall have been actually paid hereunder" for the advertisement. Notwithstanding this clause, the defendant may be held liable for gross negligence (*Hamilton Employment Service* v. *New York Tel. Co.,* 253 N. Y. 468; cf. Restatement, Contracts, § 574; *Boll* v. *Sharp & Dohme,* 281 App. Div. 568, affd. 307 N. Y. 646). The documentary evidence therefore does not establish a complete defense as a matter of law. The question of whether there was gross negligence on the part of the defendant is a question of fact which cannot properly be determined on a motion for summary judgment. All concur. (Appeal from a judgment of Erie Special Term dismissing plaintiff's complaint on motion by defendant for summary judgment in an action for damages for negligence in publication of advertisements.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ. [5 Misc 2d 602.]