128 So.2d 683 (1961)
SCHEINUK THE FLORIST, INC.
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY.
No. 42.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 1961.
Rehearing Denied April 24, 1961.
Certiorari Denied May 30, 1961.
Ogden, Woods, Henriques & Rives, James W. Hammet, James C. Henriques, Jr., New Orleans, for defendant and appellant.
Hammett & Bertel, Harry L. Hammett, New Orleans, for plaintiff and appellee.
Before REGAN, YARRUT and SAMUEL, JJ.
REGAN, Judge.
Plaintiff, Scheinuk the Florist, Inc., instituted this suit against the defendant, Southern Bell Telephone & Telegraph Company, endeavoring to recover the sum *684 of $25,147.53, representing damages which plaintiff asserts it incurred as a result of defendant's negligent failure to list its trade name in the "white pages" of the New Orleans telephone directory for a period of thirteen months, or from November 6, 1955, to December 5, 1956.
Defendant answered and admitted that the listing was omitted through error, but denied the plaintiff had been damaged as a result thereof.
From a judgment awarding plaintiff the sum of $2,008.00,[1] the defendant has prosecuted this appeal. The plaintiff has answered the appeal, requesting that the judgment be increased to $25,147.53.
The record reveals that plaintiff is the second largest, well-established florist[2] engaged in this business in the City of New Orleans.
The facts hereof are relatively simple and in substance undisputed. The New Orleans telephone directory for the period of November 6, 1955, to December 5, 1956, omitted to list the name of plaintiff, Scheinuk the Florist, in the "white pages" or section wherein subscribers' names appear alphabetically, although the name, address, and correct telephone number of plaintiff was advertised in the "yellow pages" or classified section of the directory.
Plaintiff contended that as a result of the foregoing omission, its gross sales during the thirteen months in question decreased, from the preceding corresponding period, by the sum of $4,660.51, therefore its loss in gross profits was 62½% of $4,660.51 or a loss for this item of $2,912.18; it further contended that the amount of $16,726.72 was the gross profit on the increase of sales which it would have enjoyed during the period of omission based upon a general increase for all other florists located in the City of New Orleans of 11.4%[3]; plaintiff also claimed as damages the sum of $508.00 which it expended in addition to its usual advertisements in an endeavor to acquaint its customers with the fact that it was still conducting its business despite the omission. In addition thereto, plaintiff also claimed loss on future sales after the period of omission which it estimated at the sum of $5,000.00.[4]
Defendant's counsel during oral argument before this court conceded that plaintiff incurred damages to the extent of $508.00, which was the amount it had expended to advertise in the New Orleans newspapers the omission of its name from the telephone directory, but denied that plaintiff had suffered any other damage as a result of the omission, and in explanation thereof reasoned that anyone endeavoring to find the plaintiff's name in the directory would have noticed the names of the individual persons associated with Scheinuk the Florist, and if they had purchased flowers from plaintiff before, they would have recognized the telephone number and address even though the trade name of the business was not listed in the "white pages" of the directory. The defendant, in conclusion, emphasized that the plaintiff had several other listings of Scheinuk the Florist in the "yellow" or classified pages of the directory.
At the inception of this opinion, it is of interest to note that there are no decisions which appear in the Louisiana jurisprudence involving an award of damages for omitting from the directory a subscriber's trade name, which, to say the least, is most unusual in view of the innumerable subscribers *685 to telephone service in the state of Louisiana.
In any event, there exists no doubt in our minds that nothing more disconcerting can befall a business establishment than to have its trade name omitted from the telephone directory.
As we observed hereinabove, plaintiff is the second largest, well-established florist in metropolitan New Orleans. Its mailing list of customers includes about 20,000 persons, and approximately 95% of its business is transacted through the medium of the telephone. We have no doubt that plaintiff suffered some damage by virtue of the omission of its name from the directory. The only vital question posed for consideration here, as it was in the lower court, is proof of the loss incurred with that certainty which the law requires.
In endeavoring to prove its damage, plaintiff pointed to the fact that its sales were less during the period of omission than the year before despite the fact that other florists in the city had enjoyed a 11.4% gain in sales. John A. Peyroux, Jr., a certified public accountant of this city, testified that its gross profit on such sales would have amounted to 62½%; therefore, plaintiff claimed that its loss in gross profits because of the declining sales during the period of omission amounted to $2,912.81.
Alfred N. Byrnes, also a certified public accountant of this city, testified that, in addition to its loss in sales, if it would have enjoyed the same increase that the other florists had enjoyed, its loss in gross profits would have amounted to $16,726.72. Knowledge of the general increase in sales of the florists of this city was acquired from sales tax records maintained in the city hall.
In connection with the foregoing testimony, it is extremely pertinent to observe that the record reflects that the profits referred to by the accountants are gross rather than net and as such, they are ineffectual insofar as an aid to this court in determining the damage with that certainty required by law which the plaintiff incurred.[5]
On the other hand, defendant's reasons for suggesting that no damages were incurred by the plaintiff are utterly unconvincing. The defendant, as we have observed heretofore, claims that the names of the individual persons associated with this business appear above the space in the directory where the trade name of "Scheinuk the Florist" was intended to be printed and that this fact, together with the fact that plaintiff's telephone number appears further down in the directory's listing was sufficient to advise its customers of both the telephone number and address of plaintiff's establishment.
The rationalization that any customer or potential customer looking for the trade name of plaintiff's business would have recognized its telephone number and address when they finally located it, is without merit since it is obvious that very few people make any effort to remember such *686 telephone numbers. The purchasers of flowers are frequently in a hurry and are not inclined to indulge themselves in a tedious search when looking for the name of their florist in the alphabetical section of a telephone directory. It is true that a customer might have been persistent enough to turn to the "yellow" or classified pages of the directory and it is likewise true that many customers must have necessarily referred their business to other florists because of the omission.
Hence, we are not considering a case where doubt and uncertainty exist that the plaintiff has been damaged; on the contrary, there is a certainty of damage, but the proof thereof that the law requires is much less certain. However, plaintiff did prove to the satisfaction of the trial court that he had incurred actual damages to the extent of $508.00 which he had expended for advertisements which appeared in New Orleans newspapers informing its customers of the omission of its trade name, address and telephone number from the "white pages" of the directory; on the other hand, the trial court obviously believed that plaintiff had failed to prove, despite its diligent efforts, other damages with that reasonable certainty required by law and therefore invoked the rationale of paragraph three of Article 1934[6] of the LSA-Civil Code, which affords a broad latitude of discretion to the trial court in the assessment of damages.
In a relatively recent case[7] the organ for the Supreme Court expressed the opinion, which is relative to the foregoing assertion, that:
"When it is clear that a plaintiff has sustained some damages as a result of the fault of the defendant, according to our well settled jurisprudence, his demands will not be rejected merely because he cannot establish exactly the amount suffered. Under such circumstances the court must fix the quantum as best it can and, in this connection, the trial judge is vested with much discretion." (Citations omitted)
Since there was a breach of contract by the defendant, and pecuniary damages emanating therefrom were extremely difficult to establish, we are of the opinion that the trial court very properly exercised its discretion in awarding damages to the plaintiff.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Defendant paid the amount of this judgment and then prosecuted this devolutive appeal. In accepting payment thereof, plaintiff reserved its right to request an increase in the amount of the judgment in the event the defendant appealed.
[2] Plaintiff was established in 1919.
[3] The foregoing contentions were substantiated through the testimony of Elbert N. Byrnes and John A. Peyroux, Jr., certified public accountants who appeared on behalf of plaintiff.
[4] Plaintiff concedes in its brief that this item was not proved with that reasonable certainty required by law.
[5] The Louisiana courts have held that to recover profits lost, the plaintiff must prove that he has sustained a loss susceptible of proof with reasonable certainty. The loss must not be vague, conjectural, speculative or remote, but must have been within the contemplation of the parties at the time of making the contract. See: Murff v. Louisiana Highway Commission, La.App.1933, 146 So. 328; Chamberlain v. Norwood, 1921, 148 La. 378, 86 So. 920; Maddox v. International Paper Co., D.C.W.D.La.1942, 47 F.Supp. 829; Bergen v. City of New Orleans, 1883, 35 La.Ann. 523; Tidwell v. Meyer Bros., 1926, 160 La. 778, 107 So. 571; McCoy v. Arkansas Natural Gas Co., 1932, 175 La. 487, 143 So. 383, 85 A.L.R. 1147; Cust v. Item Co., 1942, 200 La. 515, 8 So.2d 361; Cusachs & Co. v. Sewerage & Water Board of New Orleans, 1906, 116 La. 510, 40 So. 855; Hadley v. Baxendale, 1854, 9 Ex. 341, an English case followed by Louisiana courts; Friedman Iron & Supply Co. v. J. B. Beaird Co., 1952, 222 La. 627, 63 So.2d 144.
[6] "Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:

"1. * * *
"2. * * *
"3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.
"In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge, or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor." Art. 1934, La.Civil Code of 1870.
[7] Brantley v. Tremont & Gulf Railway Co., 1954, 226 La. 176, 75 So.2d 236, 239.