148 So.2d 771 (1963)
MAYEUX, BENNETT, HINGLE INSURANCE AGENCY, INC.
v.
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.
No. 884.
Court of Appeal of Louisiana, Fourth Circuit.
January 7, 1963.
Rehearing Denied February 4, 1963.
Certiorari Denied March 15, 1963.
*772 Ogden, Woods, Henriques & Rives, James C. Henriques, Jr., New Orleans, for defendant-appellant.
Monte J. Ducote, New Orleans, for plaintiff-appellee.
Before REGAN, SAMUEL and HALL, JJ.
LUTHER E. HALL, Judge pro tem.
Plaintiff, Mayeux, Bennett, Hingle Insurance Agency, Inc., a subscriber to the defendant company's telephone service sued that company for $34,975.12 damages for its negligent failure to list plaintiff's name in the December 1960 New Orleans Telephone Directory and for other mistakes occurring therein. Judgment was rendered in plaintiff's favor for $2,825.61 and defendant appealed. Plaintiff answered the appeal praying that the award be increased by $13,154.46.
Plaintiff conducts a general insurance agency and insurance brokerage business in the city of New Orleans with offices in the Carondelet Building. In the telephone directory for December 1959 (for use during the twelve months preceding the period in question here) plaintiff's name was correctly listed in both the alphabetical and classified sections as follows:
 "Mayeux, Bennett, Hingle Ins. Agcy.
 Carondelet Bl. Ja. 5-4244."
Since plaintiff was also the general agent for Protective Life Insurance Company there was a further listing in the alphabetical section as follows:
 "Protective Life Ins. Co.
 Carondelet Bl. Ja. 5-4244."
Through error plaintiff's corporate listing was entirely omitted from the December 1960 directory, both from the "white pages" or alphabetical section and from the "yellow pages" or classified section. The individual names of J. Don Mayeux, Chas. A. Bennett and Donald A. Hingle were however listed in their proper alphabetical positions in the "white pages", each followed by: "ins. Carondelet Bl. Ja. 5-4244."
Also in the 1960 directory an additional error effecting plaintiff occurred in connection with the listing of Protective Life Insurance Company. Some months prior to the printing of this directory Protective Life had established a group claim office situated in the National Bank of Commerce Building and this office had been assigned the telephone number Magnolia 0525 (which later became 523-0525) at that address. When the 1960 directory was printed it carried a combined listing for Protective Life as follows:
"Protective Life Ins. Co.
Group Claim Ofc. Carondelet Bl. Ja. 5-4244
Agc'y Nat'l Bk. of Comm. Bl. 523-0525." *773 Thus it is seen that in this listing plaintiff's agency office was given the address and telephone number of the Group Claim Office and the latter was given plaintiff's address and telephone number. Plaintiff had no connection with the Group Claim Office or its business affairs either as general agents for Protective Life or otherwise.
Protective Life Insurance Company has made no claim for this error in its listing, but plaintiff asserts that this error resulted in telephone calls to its office from people who wanted to talk to the Group Claim Office. The testimony shows that plaintiff received three or four of these erroneous calls daily.
This appeal presents no issue relative to the legal liability of the defendant which, as we take it, is conceded. The sole issue presented is quantum.
The District Judge awarded plaintiff $325.61 for out of pocket expenses incurred by plaintiff in an effort to notify its clients of the omissions and errors in the 1960 directory and $2,500.00 damages which he assessed under the provisions of Article 1934 of the Civil Code (LSA-C.C. Art. 1934) and the decision of this Court in Scheinuk the Florist v. Southern Bell Telephone and Telegraph Company, La.App., 128 So.2d 683. He denied plaintiff's claim for reimbursement of the amount paid by plaintiff for telephone service during the twelve months its name was omitted from the directory, and held that the proof offered by plaintiff to show loss of profits was too speculative upon which to base an award.
Appellant contends that the amount awarded for out of pocket expenses is too high and bases its contention on the fact that the only loss of business that plaintiff claimed to have sustained was from its brokerage business and argues that the only people it needed to advise of the omissions in the directory were the 106 brokers with which it did business. However, plaintiff considered it necessary to notify other clients besides the brokers and did mail out 1500 notices at a cost of $325.61 which was fully proved. We feel sure, as the District Judge must have felt, that plaintiff would not have mailed 1500 notices if only 106 would have sufficed.
We are of the opinion that the District Judge was correct in rejecting plaintiff's claim for reimbursement of telephone service charges. Although plaintiff was not listed in the directory it had full use of the telephone during the entire year, and the record shows that all charges paid by plaintiff for listing in the advertising pages have been refunded.
Appellant further contends that the record is devoid of any proof of damage suffered by plaintiff beyond its out of pocket expenses.
Plaintiff on the other hand contends that the uncontroverted testimony of its vicepresident and its auditor shows that its business suffered a loss of $7,179.34 for the year 1961 which they arrived at in the following manner. They testified that plaintiff's net earned commissions for 1960 increased 197.1 per cent over the corresponding period for 1959. On the assumption that this same percentage of increase would obtain for the year 1961 over 1960 they calculated what plaintiff's commissions should have been for 1961, and by comparing this figure with the actual earnings for 1961 they found that plaintiff's actual earnings for the year were $9,572.43 less than they had reason to anticipate. Deducting 25% for expenses and overhead they arrived at a calculated net loss of $7,179.34 for the year 1961. Since all of their business is conducted by telephone they attributed this loss to the fact that plaintiff's name was omitted from the telephone directory which was in effect that year.
Thus plaintiff's "proof" is based on two assumptions, viz.: first that its earnings would increase each year at a steady rate over the preceding year, and secondly that any failure to attain this anticipated increase *774 can be attributed proximately and entirely to the omission of its listing from the directory.
We are of the opinion, as was the District Judge, that such proof is entirely too speculative upon which to base an award.
While it is true that plaintiff did not prove the loss of any particular item of business as a result of the omission of its name from the directory we do not agree that such proof is essential in a case of this kind. Such proof was also lacking in the Scheinuk case (Scheinuk the Florist v. Southern Bell Telephone and Telegraph Company, 128 So.2d 683) yet in that case this Court awarded the plaintiff damages under the provisions of paragraph three of Article 1934 of the Civil Code (LSA-C.C. Art. 1934) which reads in part as follows:
"3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. * * *
"In the assessment of damages under this rule, as well as in cases of quasi offenses, and quasi contracts, much discretion must be left to the judge, * * *."
In the instant case we have percisely the same situation that was presented in the Scheinuk case. We have no doubt that plaintiff suffered some damage by virtue of the omission of its name from the directory and that it should be compensated therefor. The difficulty comes in arriving at a compensatory award.
In the Scheinuk case this Court affirmed a District Court award of $1,500.00 damages for failure of the Telephone Company to list plaintiff's name in the "white pages" of the directory although its name appeared correctly in the "yellow pages". In that case plaintiff conducted a retail florist business and transacted approximately 95% of its business through the medium of the telephone. It had a mailing list of approximately 20,000 customers.
In the instant case plaintiff's name was omitted from both the "white pages" and the "yellow pages" and in addition plaintiff suffered some interruption and loss of time by being obliged to answer telephone calls intended for the Group Claim Office. Its business, like Scheinuk's was conducted almost entirely by telephone. Although plaintiff's revenue was derived from only 106 insurance brokers with which it did business while Scheinuk had thousands of customers, it should be observed that the loss of a retail florist sale can scarcely be compared to the loss of an insurance brokerage commission.
In Brantley v. Tremont and Gulf Railway Company, 226 La. 176, 75 So.2d 236, 239, the Supreme Court laid down the following rule:
"When it is clear that a plaintiff has sustained some damages as a result of the fault of the defendant, according to our well settled jurisprudence, his demands will not be rejected merely because he cannot establish exactly the amount suffered. Under such circumstances the court must fix the quantum as best it can and, in this connection, the trial judge is vested with much discretion."
Although the District Judge's award in the present case is $1,000.00 more than the award this Court affirmed in the Scheinuk case, we are unable to say that he abused his discretion in this respect.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.