172 So.2d 371 (1965)
Lee K. LEVY
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY.
No. 1699.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1965.
Rehearing Denied March 8, 1965.
Irwin, Seelig & Nelkin, David H. Seelig, New Orleans, for plaintiff-appellee.
Ogden, Woods, Henriques & Rives, James W. Hammett, and James C. Henriques, Jr., New Orleans, for defendant-appellant.
Before McBRIDE, YARRUT and HALL, JJ.
YARRUT, Judge.
This is an appeal by Defendant from the judgment of the district court allowing Plaintiff $2,500 damages instead of the $50,000 claimed for the failure of Defendant to list his office telephone number in the white alphabetical and in the yellow classified sections of its directory.
Plaintiff alleged he suffered the following items of damage: (1) loss of income, $10,000; (2) embarrassment, humiliation and mental anguish, $15,000; (3) harassment and disruption of his home life, $10,000; (4) services of maid to answer telephone, $1,000; (5) loss of future income, $14,000, and has answered the appeal asking for an increase in the award to the total amount claimed.
The facts we find are: Plaintiff was admitted to the Bar in 1958 and began practice as an office associate for a large law firm for a year; he left that firm to share offices with another lawyer, using his *372 telephone number, and specialized in commercial practice; later, he secured his own office and made arrangements with Defendant for a telephone. Defendant contends Plaintiff requested that his office number not be listed. The only testimony on behalf of Defendant was that of an office employee who testified from memoranda made by a company employee, but nothing in writing from Plaintiff, who denied making any such request. We cannot believe, in the absence of convincing proof, that a professional man would want an unlisted telephone number for his professional office. We must conclude that Defendant's employees, due to some misunderstanding, were solely responsible for the nonlisting. The question then arises, what damage did Plaintiff prove he suffered as a result of this nonlisting?
Plaintiff has not proved any loss of reputation, mental anguish or disruption of home life that we can conclude from the record. With regard to his first year of practice alone, he made $2,124.33. In the second year (1962) he earned $9,331.95. In 1963, the year involved when his office telephone number was unlisted, he earned $16,670.92 or almost 80% more in the unlisted year than he made in the previous year. In 1964, for the first three months, he earned $6,009.00, all of which goes to show that, in spite of the fact his office phone was not listed the previous year, his practice increased, which he could never have done had he lost his reputation or professional standing because of the nonlisting.
The only testimony regarding lost clientele was given by two of Plaintiff's acquaintances. One testified he referred prospective clients to Plaintiff, and gave them Plaintiff's name and office telephone number. The other witness, a private detective, testified a friend of his needed a lawyer. He wanted to refer him to Plaintiff but couldn't find Plaintiff's office number in the telephone book, so referred his friend to another lawyer, whose name was given. Neither the lawyer nor any one of the referrals was called to corroborate this testimony.
The only affirmative testimony of actual loss Plaintiff suffered was the need to employ a maid at his home to answer the telephone and give callers, who wanted it, his office telephone number, for which he paid her $1,000 per year. The maid testified she answered the phone five or six times a day in referring callers to Plaintiff's office, did housework, and was nursemaid to his child.
There is no proof of loss of clientele, nor proof of loss of reputation or any disruption of home life. The only basis of recovery then is to determine what part of the time the housemaid devoted to answering the telephone as a substitute for the unlisted office number.
The amount to be recovered in this case is governed by LSA-R.C.C. Article 1934, providing, inter alia:
"* * * Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. * * * In the assessment of damages under this rule, * * * much discretion must be left to the judge or jury, * * *."
In cases where there are no intentional breaches of contract and no actual damages proved, Louisiana courts have usually awarded only nominal damages when applying Article 1934. Fiesta Foods, Inc. v. Ogden, La.App., 159 So.2d 577; Meyer v. Succession of McClellan, La.App., 30 So.2d 788.
However, two recent Louisiana cases have awarded more than nominal damages when business phones have been inadvertently *373 omitted from the telephone directory. Scheinuk the Florist, Inc. v. Southern Bell Telephone & Telegraph Co., La.App., 128 So.2d 683 and Mayeux, Bennett, Hingle Ins. Agency, Inc. v. Southern Bell Telephone & Telegraph Co., La.App., 148 So.2d 771. In the Scheinuk case the plaintiff was a retail florist which transacted 95% of its business by telephone; and in the Mayeux case the plaintiff was an insurance agency which also conducted its business almost entirely by phone. Moreover, in the Scheinuk case, plaintiff's gross sales during the period in which its trade name was omitted from the white pages declined from the comparable preceding period during which it was listed, notwithstanding the fact that all other New Orleans florists enjoyed an average increase in business during the period that Scheinuk was not listed.
Plaintiff, as a lawyer, customarily receives and advises clients in person in his office. Some of his present and prospective clients could and did telephone him at his home to obtain his business phone number. Significantly, his income did not decline, but increased substantially during the period in which his business phone number was not listed.
In the final analysis, we must decide what would be a fair proportion of the $1,000 Plaintiff paid to his domestic maid for the time she spent answering the telephone as stated above. We do not believe we should allow more than 50% since, at least, half the maid's time was spent for other services Plaintiff would have had to pay for household duties had his office telephone number been listed properly.
Accordingly, the judgment of the district court allowing Plaintiff $2,500 is reduced to $500, with interest from judicial demand; Defendant to pay costs in both courts. The judgment of the district court is therefore amended in keeping with the above and, as amended, affirmed.
Judgment amended and affirmed.