172 So.2d 323 (1965)
Henri LORIDANS
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY.
No. 1725.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1965.
Rehearing Denied March 8, 1965.
*324 Irwin L. Tunis, New Orleans, for plaintiff-appellee.
James W. Hammett, Gen. Atty., Ogden Woods, Henriques & Rives, James C. Henriques, Jr., New Orleans, for defendant-appellant.
Before REGAN, SAMUEL, and HALL, JJ.
REGAN, Judge.
Plaintiff, Henri Loridans, instituted this suit against the defendant, Southern Bell Telephone and Telegraph Company, endeavoring to recover the sum of $17,000.00, representing damages which he asserts were incurred as a result of the defendant's failure to list his name in his professional capacity, under the title of "Attorneys", in the "yellow pages" of the Shreveport, Louisiana, Telephone Directory for a period of approximately twelve months, or from December 2, 1962, to December, 1963.
Defendant answered and admitted that the listing, which forms the subject matter of this litigation, was omitted from its telephone directory, but denied that it had ever contracted with the plaintiff therefor.
From a judgment in favor of the plaintiff in the amount of $1,100.00, the defendant has prosecuted this appeal.
The record reveals that the plaintiff is a practicing attorney, having been admitted to the Louisiana Bar in the year of 1960. Thereafter he engaged in the practice of law in Bossier City, which is located across the Red River from the City of Shreveport.
In January of 1962, plaintiff entered into an agreement with J. L. Thomas, Jr., to handle Thomas' trial work. At this time, both plaintiff and Thomas occupied separate offices.
Later, Thomas decided to erect his own office building in Bossier City, which was designed to accommodate both himself and the plaintiff. The building was occupied by them on or about October 15, 1962. Sometime before this, however, during August or September of 1962, plaintiff and Thomas conferred with Kenneth Garcin, the defendant's customer service representative, in an effort to decide exactly what telephone service they would require as occupants of the new building.
Within this period of time, according to the testimony of plaintiff and Thomas, Garcin discussed their requirements relative to the number of telephone units, the number of lines, the necessity for rotary service, and other problems incidental to the physical layout of the telephone system in the new offices. In addition thereto, they related that Garcin promised to list the names of both attorneys in the alphabetical or "white pages" and the classified or "yellow pages" of the Shreveport Telephone Directory.
Plaintiff also related that when he called the business office of the defendant, in order to check on whether his listing had been included in the directory, he was informed that a typographical error had occurred,[1] and that his name had been omitted from the classified section. However, he was assured at that time that this omission would be corrected.
The Shreveport Telephone Directory for December, 1962, admitted into evidence by stipulation of both litigants, reveals that the plaintiff was listed both professionally *325 and personally in the alphabetical or "white pages" thereof, but that his name was omitted under the title of "Attorneys" from the classified section, or "yellow pages" of the directory.
The defendant contends that it is not liable to the plaintiff since no contractual relationship existed between them. The defendant introduced evidence into the record to reveal that the practice under the General Tariff for Louisiana was to list the telephone in the name of the subscriber thereof, and to permit "additional listings" for an extra charge for any other persons entitled to use that telephone number. However, they contend that in any event the subscriber is charged for the additional listing, and that the company does not rely upon the person additionally listed for its fees. In addition thereto, the defendant also argues that even if a contract existed between plaintiff and itself, Garcin, its representative, acted outside the scope of his authority in agreeing to arrange for the plaintiff's listing, and it buttressed this argument with the fact that subscriptions for the telephone directory are ordinarily solicited by an independent corporation, designated as L. M. Berry and Company, and not by the Southern Bell Telephone and Telegraph Company.
An analysis of the record, however, reveals that the trial court was correct in its finding of fact to the effect that Garcin had contracted with plaintiff and Thomas to arrange for their listings in both the "white" and "yellow" pages of the directory. This finding of fact will not be reversed on appeal unless clearly erroneous, and we do not detect any reversible error in connection therewith.
Moreover, even if the contractual relationship existed solely between the defendant and Thomas as the subscriber, such an agreement partakes of the nature of a third party beneficiary contract and is thus enforceable by the' recipient thereof, despite the. fact that he may not have been one of the contracting parties.[2] Finally, we are convinced that the asserted lack of authority on the part of the defendant's agent is not a valid defense herein. Assuming arguendo that Garcin did not actually possess the authority to bind the defendant with respect to the disputed telephone listing, he was clothed by it with all the indicia of authority. He possessed the authority to discuss and accept orders for the installation of telephone service, and his title as "customer service representative" was sufficiently general to include the acceptance of orders for telephone directory listings in the "yellow pages" thereof. Therefore, we do not believe that the plaintiff acted unreasonably in relying on Garcin's apparent authority and in assuming that he possessed the authorization to accept orders for listing of his name in the defendant's directory.[3]
Defendant alternatively insists that if an enforceable contract for the plaintiff's listing had been consummated, it is subject to paragraph 5 of its customer subscription contract, which limits the defendant's liability to an amount equal to the charges for the advertising which was omitted. Assuming arguendo that such a clause is valid, or that it is applicable to the listing of the names of professional men, under their respective titles, in the "yellow pages" of the directory, it is obvious that it is inapplicable herein since the written contract of which paragraph 5 forms a part was never executed by either the plaintiff, the defendant, or Thomas. In fact, the space reserved thereon for defendant's General Directory Manager to sign his name in acceptance thereof is blank.
Finally, defendants insist that the plaintiff did not prove his damages with that certainty required by law. The plaintiff *326 introduced into the record, through the medium of depositions, the testimony of several clients who confirmed as a fact that they would have contacted him in a professional capacity if he had been listed in the "yellow pages" of the telephone directory during the period when his name was omitted therefrom. Moreover, the plaintiff introduced income tax returns which revealed that his income had declined approximately $1,100.00 during the year that his name was omitted from the classified directory as compared with two years prior thereto.
In both the cases of Scheinuk the Florist, Inc. v. Southern Bell Telephone and Telegraph Company,[4] and Mayeux, Bennett, Hingle Insurance Agency, Inc. v. Southern Bell Telephone and Telegraph Company,[5] it was clearly pointed out that in cases of this nature damages may be awarded in conformity with the rationale emanating from the LSA-Civil Code art. 1934(3),[6] even though they have not been proved precisely or shall we say with mathematical certainty. This article of the Civil Code affords broad latitude to the trial judge in determining the amount of the award, and we are not inclined to believe that the judgment rendered herein reflects any abuse in the exercise of that discretion.[7]
For the foregoing reasons the judgment of the lower court is affirmed. The defendant is to pay all costs hereof.
Affirmed.
NOTES
[1] His name was spelled on their records as "Coridans" rather than "Loridans".
[2] See LSA-Civil Code art. 1902.
[3] David Moore Development Co. v. Higgins Industries, La.App., 163 So.2d 139.
[4] La.App., 128 So.2d 683.
[5] La.App., 148 So.2d 771.
[6] "Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:

* * * * *
"3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.
"In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor."
[7] Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So. 2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).