194 So.2d 739 (1967)
Stewart E. WILSON, d/b/a Reliable Service Company, Plaintiff-Appellee,
v.
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, Defendant-Appellant.
No. 6879.
Court of Appeal of Louisiana, First Circuit.
January 30, 1967.
*740 John N. Gallaspy, of Richardson & Gallaspy, Bogalusa, for appellant.
John W. Anthony, of Talley, Anthony, Hughes & Knight, Bogalusa, for appellee.
Before LOTTINGER, REID and SARTAIN, JJ.
SARTAIN, Judge.
Plaintiff, a resident of Washington Parish, operates a tax service in Bogalousa, Louisiana, known as Reliable Service Co. In connection with this business he subscribed to an ad to be placed in the yellow pages of the telephone directory published by the defendant and issued to its subscribers on or about September 12, 1964.
The ad approved by plaintiff and accepted by defendant was to appear as follows:

When published in the yellow pages of defendant's October, 1964 Directory, the ad appeared as follows:

Thus, it is apparent that instead of "Tax Service" at the top of the ad, as intended, there appeared "Taxi Service". The balance of the ad was correctly displayed.
Plaintiff instituted suit for damages in the amounts of $5,000.00 for harassment, annoyance, and interruptions to his regular business, occasioned by calls for taxi service resulting from the erroneous ad; $5,000.00 for loss for a period of a year of anticipated advertising value of the yellow pages; and $1,000.00 for cost of advertising through other media.
Defendant admitted the error in the ad but denied that any damages resulted therefrom, and in the alternative, that if damages were shown, they were limited by the contract which provided:
"6. The Telephone Company's liability on account of errors in or omissions of such advertising shall in no event exceed the amount of charges for the advertising in the then current directory issue."
The trial judge held that the above provision was valid and must be given effect. Accordingly, he rendered judgment in favor of plaintiff in the amount of $87.00, the cost of the advertising. Plaintiff and defendant have appealed devolutively. Plaintiff asks an increase in judgment to the amount originally prayed for. Defendant contends that plaintiff, having executed on the judgment below, is now estopped to prosecute this appeal, and, in the alternative that the judgment below is correct.
*741 The contention of defendant that plaintiff's execution on the judgment rendered in the district court is a bar to this appeal is without merit. A judgment creditor may proceed with the execution of a judgment at any time after the delay for a suspensive appeal has elapsed. LSA-CCP Art. 2252.
In defense to defendant's assertion that its liability to plaintiff is limited by Paragraph 6 of the contract, plaintiff urges that the contract itself was never accepted by its Directory Manager in accordance with Paragraph 7 thereof. In determining this issue it is therefore necessary to establish whether or not there was in fact a contract between the parties, and, if so, whether or not the provision limiting liability is an enforceable one.
We are of the opinion that there was a valid binding contract between the litigants herein and that as of 15 days prior to the closing date of the directory issue, both parties could have withdrawn therefrom, but subsequent to the said 15 day period neither party was privileged to withdraw from the contract.
Paragraph 1 of the terms and conditions of the contract provides:
"1. The advertising described on the reverse side is for insertion in the next directory issue and in each subsequent directory issue until cancelled by either party giving written cancellation notice to the other party at least 15 days prior to the closing date of the directory issue in which the advertising is not to be inserted."
This provision must be construed in connection with all of the remaining provisions of the contract. It must be particularly considered in connection with Paragraph 7, which provides as follows:
"7. This application is not binding upon the Telephone Company until accepted by its Directory Manager. The Telephone Company will not be bound by any agreement not expressed herein and reserves the right to reject any advertising which it deems undesirable."
To hold otherwise, would render a subscriber completely helpless in his effort to determine whether or not the advertisement placed by him with a sales representative of the defendant was in fact accepted or rejected. Thus, where a contractor sends into the field subscribing agents and retains unto himself the authority to accept or reject the subscription, there is an additional duty on his part to comply with all of the terms and conditions of the proposed contract. This is particularly true where there is also contained in the terms and conditions of the contract language as expressed in Paragraph 1 above.
The record clearly convinces us that at the time plaintiff subscribed to the advertisement to be contained in defendant's yellow pages, said plaintiff fully intended to be bound by his subscription and expected no further communication from the defendant. Notwithstanding this, it was still within plaintiff's prerogative to cancel his subscription if he did so prior to 15 days before the closing date of the directory issue.
The next issue for resolution concerns defendant's limitation of liability as set forth in Paragraph 6 of the contract. LSA-CC Art. 1901 provides:
"Agreements legally entered into have the effect of laws on those who have formed them.
They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law."
The jurisprudence of this state is replete with cases that state that a contract, unless contrary to law or public morals is the law between the parties thereto. Cagle Supply of Lafayette, Inc. v. Hinson, La.App., 155 So.2d 773; Martin-Parry Corp. v. New *742 Orleans Fire Detection Service, 221 La. 677, 60 So.2d 83; Mente & Co. v. Roane Sugars, Inc., 199 La. 686, 6 So.2d 731; American Cotton Co-op Assn. v. New Orleans & Vicksburg Packet Co., 180 La. 836, 157 So. 733. In Leon v. Dupre, 144 So.2d 667, 668 (Ct. of Appeal, 4th Cir.) is contained the following:
"The parties may make their own contracts, and however unusual they may be or what drastic or unreasonable features there may be therein, they form the law between them and should be enforced so long as they do not contravene good morals or public policy." (Citations omitted)
Thus the question is whether or not the provision limiting the liability of the defendant contravenes good morals or public policy or is otherwise unenforceable for causes acknowledged by law.
The only Louisiana case where this issue was presented is that of Loridans v. Southern Bell Telephone & Telegraph Co., La.App., 172 So.2d 323. There, the defendant failed to list plaintiff's name in his professional capacity, under the title of "Attorneys", in the yellow pages of the Shreveport, Louisiana telephone directory. Our brethren of the Fourth Circuit, in choosing to defer judgment on the validity of such a provision stated: (Page 325)
"Assuming arguendo that such a clause is valid, or that it is applicable to the listing of the names of professional men, under their respective titles, in the `yellow pages' of the directory, it is obvious that it is inapplicable herein since the written contract of which paragraph 5 forms a part was never executed by either the plaintiff, the defendant, or Thomas. In fact, the space reserved thereon for defendant's General Directory Manager to sign his name in acceptance thereof is blank."
There are various decisions in other jurisdictions involving the telephone directory and the provision limiting liability. These decisions have upheld the validity of limiting liability in an amount not to exceed the charges for the advertising. They are Smith v. Southern Bell, 51 Tenn. App. 146, 364 S.W.2d 952; Neering v. Southern Bell Telephone & Telegraph Co., D.C., 169 F.Supp. 133; Saleeba v. Southern Bell Telephone & Telegraph Co., 15 Fla. Supp. 159; Baird v. Chesapeake & Potomac Telephone Co., 208 Md. 245, 117 A.2d 873. In Lane v. New York Telephone Co., 7 A.D.2d 702, 179 N.Y.S.2d 536 the court failed to recognize such a clause as a valid contractual limitation of liability in view of the defendant's gross negligence, where plaintiff's lawn mower ad appeared under "Automotive Parts".
In the instant matter, we do not find that the trial judge committed manifest error in finding that under the facts presented, there was in fact a valid provision limiting liability. This is particularly true where the balance of the advertisement appeared as desired and plaintiff's business listing also appeared in its proper place on the same page. It appears to us that the limitation of liability falls clearly within the contractual arrangement. This case is clearly distinguishable from Scheinuk the Florist, Inc. v. Southern Bell Telephone & Telegraph Co., La.App., 128 So.2d 683 and Mayeux, Bennett, Hingle Insurance Agency, Inc. v. Southern Bell Telephone & Telegraph Co., La.App., 148 So.2d 771, in that these cases concern omission of plaintiffs' trade name and name respectively from the main directory or the white pages of the directory.
For the above and foregoing reasons the judgment of the trial court is hereby affirmed. Costs of this appeal are to be borne equally by the parties.
Affirmed.