MORIAL, Judge.
On October 22, 1973 plaintiff, Williet J. Falcon, d/b/a Aqua Best Softner Service, filed suit against defendant, South Central Bell Telephone Co., to recover damages allegedly caused by defendant’s failure to include plaintiff’s listing with directory as *632 sistance and in the 1973 “yellow” and “white” pages telephone directories. After taking into consideration the mitigating factor in favor of defendant that plaintiff had changed its trade name in April of 1973, the trial court awarded plaintiff the full sum of $4,050.00 as “provable damages.” Defendant appeals only the amount of the award. Plaintiff answers the appeal praying for an increase in the award. We amend.
The record reveals that plaintiff’s wife contacted representatives of defendant in July of 1972 for the purpose of securing a listing and advertisement in defendant’s forthcoming telephone directories for a new water softener servicing business. When the “white” and “yellow” page directories were published in late November of 1972, plaintiff noted his business listings had been omitted. Plaintiff also noted the absence of a listing with directory assistance for the period July 1972 through December 1972. Defendant acknowledges its error.
Plaintiff contends that as a result of these omissions he suffered a loss of business and his wife was required to expend a great deal of otherwise unnecessary time and effort in contacting customers. Mrs. Falcon estimated the omissions caused her to work a net total of 1,382 extra hours for the period December 1972 through December 1973. Although she was not a salaried employee, she valued her services at $5.00 per hour. She admitted though that she had begun contacting customers before she became aware of defendant’s error. Further testimony established gross income in 1972 of $3,339.00 from plaintiff’s prior business of a similar nature; and gross income from the present business in 1973 of $8,944.00 and from January through October 1974 of $9,236.61. In 1974 Mrs. Falcon estimated that 14 new customers were directly attributed to advertising in the “yellow” pages.
Defendant contends the trial court erred in its award of “provable damages” and asserts that any award for loss of profits based upon the time spent by Mrs. Falcon in contacting customers is wholly speculative. We agree. Our courts have consistently held that in order to recover loss of profits, a plaintiff must prove he has sustained a loss susceptible of proof with reasonable certainty. Scheinuk The Florist, Inc. v. Southern Bell T. & T. Co., 128 So. 2d 683 (La.App. 4 Cir. 1961); Mayeux, Bennett, Hingle Ins. A. v. Southern B. T. & T. Co., 148 So.2d 771 (La.App. 4 Cir. 1963). We believe that under the jurisprudence the evidence presented in the case at bar falls far short of fulfilling this requirement.
Notwithstanding the absence of “provable damages,” plaintiff is entitled to some form of relief. The provisions of LSA-R.C.C. Art. 1934 par. 3 afford recovery when damages cannot be proven with precise mathematical certainty. Scheinuk, supra; Loridans v. Southern Bell Telephone & Telegraph Co., 172 So.2d 323 (La.App. 4 Cir. 1965). This relief is not, as defendant contends, limited to merely nominal damages. Levy v. Southern Bell Telephone & Telegraph Co., 172 So.2d 371 (La.App. 4 Cir. 1965).
In Scheinuk, supra, after dismissing the claim for loss of profits as being too speculative, $1,500.00 was awarded under LSA-R.C.C. Art. 1934, par. 3 for failure to list plaintiff’s name in the “white” pages although its name appeared in the “yellow” pages. In that case, plaintiff was the second largest florist in New Orleans and conducted 95% of its business over the telephone. In Mayeux, supra, an insurance agency which conducted almost all its business over the telephone was awarded $2,500.00 under LSA-R.C.C. Art. 1934, par. 3 for the telephone company’s failure to list its name in both the “yellow” and “white” pages and for interruptions caused by being obliged to answer calls intended for another insurance office.
In the instant case, we recognize that plaintiff was most likely inconvenienced by *633 the omissions of the telephone company. However, due to the fact that this was a new business, we are not convinced that the great portion of energies expended in soliciting customers would not have been expended had there been no failure to list. Accordingly, we believe the sum of $2,000.-00 sufficiently compensates plaintiff for the damage caused by defendant’s negligence.
The judgment of the district court awarding plaintiff the sum of $4,050.00 is hereby reduced to the sum of $2,000.00, with interest from date of judicial demand. Defendant is to pay all costs.

Amended and affirmed.