LABORDE, Judge.
Plaintiff, Hubert Sylvester, filed suit against Trans Western Publishing (Trans Western) for damages based upon an erroneous phone number printed in a telephone *123 directory published by it. Trans Western filed a motion for summary judgment which was granted by the trial court. Plaintiff now appeals. We reverse.
FACTS
Trans Western published a telephone directory that covered all telephone listings in Evangeline and St. Landry Parishes. Trans Western sold advertising for its “yellow pages” section. One such advertiser was Washington State Bank. Trans Western claims that the procedure followed in printing the ads is first, to obtain a signed written application by the advertiser detailing all information to be included in the ad (including the phone number). Then a draft or “proof sheet” of the ad is prepared and sent to the advertiser. The advertiser then reviews the ad to determine if the information contained in it is proper. Trans Western claims that this procedure was followed in preparing the Washington State Bank ad. After the telephone directory was printed and distributed plaintiff began receiving 40-50 telephone calls daily intended for the Washington State Bank. The telephone number printed as being that of the bank was actually Sylvester’s. Sylvester, who is retired and has had heart surgery, filed suit against Trans Western seeking $25,000 in damages for mental anguish, harassment and loss of use of his telephone number. Trans Western contended that it merely published the information given to it by the bank and the plaintiffs only proper remedy would be against the bank. Trans Western argued that there was no genuine issue of material fact regarding plaintiffs claim against it and it should be entitled to judgment as a matter of law. The trial court agreed.
In his appeal plaintiff assigns the following as errors by the trial court in granting the motion for summary judgment:
“1. The Trial Court should not have granted Plaintiffs Motion for Summary Judgment there being genuine issues as to material fact, specifically, that Plaintiff has a cause of action for the damages caused by its erroneous publication.
2. The District Court failed to consider Plaintiffs [sic] pleadings which claimed Res ipsa loquitur and failed to follow the doctrine as a cause of action.”
We will discuss these assignments of error in reverse order.
LAW
Plaintiff contends that the trial court erred in failing to use plaintiffs plea of res ipsa loquitur to defeat the motion for summary judgment. Plaintiff argues that the publication of the telephone directory was solely in the control of defendant and that it caused damages to plaintiff. He claims that the publication was erroneous and negligent which should be sufficient for the doctrine of res ipsa loquitur to apply to defeat defendant’s motion for summary judgment. We, however, agree with defendant that the case of Paul v. St. Paul Fire & Marine Insurance Co., 430 So.2d 285 (La.App. 3d Cir.1983) is applicable. In that case we stated:
“The doctrine of res ipsa loquitur is appropriate only if the body of proof establishes or suggests that the alleged negligence of defendant excludes every other reasonable hypothesis as to the cause of the plaintiff’s injury such that the negligence of the defendant is the most plausible explanation of the injury.”
Id. at 287. Defendant claims that Washington State Bank provided the telephone number used in the ad and also later verified that number when a draft of the ad was presented to them. Therefore, defendant claims that the bank’s negligence actually caused the wrong telephone number to be printed. Applying Paul, we hold that the doctrine of res ipsa loquitur is inapplicable here. Defendant’s alleged negligence does not exclude every other reasonable hypothesis as to the cause of plaintiff’s injury. The alleged negligence by the bank is also a reasonable hypothesis of how the mix-up could have occurred.
In challenging the trial court’s decision to grant defendant’s motion for summary judgment, plaintiff argues that there are issues of material fact present in this case. He contends that the defendant had *124 the means available to verify whether the telephone numbers provided to it and later published in its directory were correct. He claims that since defendant undertook publication of the directory, it had an obligation to use every avenue possible to insure that the publication was correct. Defendant argues that it submitted into evidence an affidavit with attachments showing that the bank supplied the erroneous telephone numbers. It claims that plaintiff’s affidavit in opposition merely restates the allegations of his pleadings and is not competent evidence to establish the existence of a material fact.
La.C.C.P. art. 966 provides that a motion for summary judgment shall be granted when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
After reviewing the record, we conclude that summary judgment was inappropriate in this case. There are issues of material fact concerning the defendant’s publication of the erroneous telephone number. Plaintiff may be able to show that the methods used for verification of numbers were faulty or that defendant was actually at fault or partially at fault in preparing the ad application. These are matters that can only be determined by trial on the merits. Therefore, we reverse the trial court’s decision to grant summary judgment and remand this case for further proceedings. Costs of this appeal are taxed to appellee, Trans Western Publishing.
REVERSED AND REMANDED.