**Susan HUSSEY d/b/a Talent, Inc.**

v.

**SOUTH CENTRAL BELL TELEPHONE COMPANY and L.M. Berry & Company.**

**Civil Action No. 96–0070.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

April 22, 1996.

**90**

Edward A. Kaplan, Alexandria, LA, for plaintiff.

J. Michael Percy, Gregory Engelsman, Percy Smith & Foote, Alexandria, LA, for defendants.

LITTLE, District Judge.

### RULING

For the reasons that follow, this court GRANTS defendants BellSouth Telecommunications, Inc.'s and L.M. Berry and Company's motion for summary judgment.

### I.

On 14 July 1995, Susan Hussey signed a contract with BellSouth Advertising and Publishing Corporation (BAPCO)[1] to advertise her dance instruction business, Talent, Inc., in the Alexandria telephone directory yellow pages. The contract included the following limitation of liability provisions:

8. You understand and agree that (1) alternative and competing advertising media are available to you; (2) occasional errors or omissions in advertising may occur in our directories and cannot be corrected until the next issue; (3) any potential harm from an error or omission is speculative in nature; (4) we cannot offer advertising at rates which reflect its value to each advertiser; and (5) we assume no responsibility other than that contained in these terms and conditions.

THEREFORE, FOR MUTUAL CONSIDERATION, YOU AGREE THAT ANY LIABILITY WHICH WE MAY HAVE DUE TO ERRORS OR OMISSIONS IN YOUR ADVERTISING SHALL NOT EXCEED THE AMOUNT OF CHARGES FOR THE ADVERTISING IN WHICH THE ERROR OR OMISSION OCCURRED. OUR LIABILITY SHALL BE DISCHARGED BY ABATEMENT OF THE ADVERTISING CHARGES FOR ANY COMPLETE OMISSION, OR BY REDUCTION OF YOUR CHARGES FOR ANY ERROR IN PROPORTION TO ANY REDUCTION OF THE VALUE OF THE ADVERTISEMENT DUE TO THE ERROR.

---

1. BAPCO is a wholly owned subsidiary of Bell-South and is the publisher of the Alexandria area telephone directory.

THIS LIMITATION OF LIABILITY APPLIES TO US, ANY AUTHORIZED SALES AGENT, THE TELEPHONE COMPANY, ANY EMPLOYEES, AND ANY OF OUR AFFILIATED COMPANIES. IT APPLIES TO CLAIMS IN CONTRACT, TORT, STRICT LIABILITY OR OTHERWISE AND TO ANY LOSS OF BUSINESS PROFITS OR ADDITIONAL ADVERTISING COSTS INCURRED. IT ALSO APPLIES TO ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES AND TO ANY CLAIM AGAINST YOU BY ANY THIRD PARTY REGARDING YOUR ADVERTISING. IT IS AGREED THAT YOUR ADVERTISING IS INTENDED ONLY FOR YOU OWN BENEFIT AND ANY BENEFIT TO OTHERS IS MERELY INCIDENTAL.
ANY LIABILITY DUE TO ERRORS OR OMISSIONS IN ANY FREE ADVERTISING OR IN THE ADVERTISING OF OTHERS WHICH MAY AFFECT YOU IS LIMITED TO, AND OUR OBLIGATIONS ARE DISCHARGED BY, CORRECTION OF THE ERROR OR OMISSION IN THE NEXT ISSUE OF THE DIRECTORY AFTER NOTICE TO US.

The above is in lieu of any other express or implied warranties including any warranties of MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

Above the space for the advertiser's signature, the contract also states:

Applicant, personally, or as authorized representative, applies to BELL SOUTH ADVERTISING & PUBLISHING CORPORATION ("BAPCO") for the advertising described above and only any associated printing orders, and for the continuance of any existing advertising not discontinued above. By signing this Order, or receipt of a copy without cancellation as set forth on the reverse, Applicant acknowledges having read, understood and agreed to the Terms & Conditions on the reverse. LIABILITY FOR ERRORS AND/OR OMISSIONS IS LIMITED.

When the directory was released a few months later, Hussey discovered that the yellow pages included a listing for her business, but her much larger advertisement had not been printed. Upon being informed of the mistake, BAPCO abated all charges for the missing advertisement.

On 8 September 1995, Hussey filed suit against BellSouth and L.M. Berry & Company in the Ninth Judicial District Court alleging BAPCO was negligent in failing to publish her advertisement and seeking damages for lost business, profits and other disruptions. The action was later removed to this court. Defendants now move for summary judgment.

## II.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248, 106 S.Ct. at 2510. In making its determination, the court must draw all justifiable inferences in favor of the non-moving party, *id.* at 255, 106 S.Ct. at 2513–14, but the nonmovant must come forward with "specific facts" showing a genuine factual issue for trial. Fed.R.Civ.P. 56(e); *Matsushita Elec. Ind. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

■ A contract is the law between the parties unless it is contrary to law or public policy. La.Civ.Code art. 1983; *Roll–Up Shutters, Inc. v. South Central Bell,* 394 So.2d 796, 798 (La.Ct.App. 4th Cir.1981). Louisiana courts have repeatedly held that limitation of liability clauses in telephone book advertising contracts are valid and not against public policy. *E.g., Bonfiglio v. Bellsouth Advertising & Publishing Corp.,* 619

So.2d 135 (La.Ct.App. 1 Cir.1993); *Soileau & Coreil v. Trans–Western Publishing*, 542 So.2d 198, 199 (La.Ct.App.3d Cir.1989). The contract between Hussey and BAPCO contained a provision limiting BAPCO's and BellSouth's liability for errors or omissions in the advertising to the charges for the advertisement. BAPCO has abated the charges for Hussey's advertisement. Therefore, we hold that Hussey may recover nothing further from BAPCO, and summary judgment is appropriate.

■ Hussey argues that her cause of action is for negligence, and therefore, the limitation of liability clause does not apply. Numerous Louisiana cases have considered the liability of telephone directory publishers when errors or omissions appear in yellow-pages advertising. The recent case of *Bonfiglio v. Bellsouth Advertising & Publishing Corp.*, 619 So.2d 135 (La.Ct.App. 1st Cir. 1993) addressed facts almost identical to those in this case. In *Bonfiglio*, BAPCO printed a chiropractor's advertisement in the "clinics" section instead of in the "chiropractors" section as agreed. The contract included a clause limiting liability on account of errors or omissions in the advertising to the charges for the advertisement. Even though the plaintiff tried to couch his claim as one for negligence, the court held that the cause of action sounded in contract, because misplacing the advertisement was an "error" as described in the contract. Therefore, the plaintiff was bound by the contractual provision limiting damages. *Id.* at 136; *see also Soileau*, 542 So.2d at 199.

Plaintiff cites several cases permitting recovery for negligence related to errors in phone book advertising, but these are all distinguishable from the facts at hand. Both the *Bonfiglio* and *Soileau* courts explained that *Bunch v. South Central Bell Tel. Co.*, 356 So.2d 104 (La.Ct.App. 1st Cir.1978) is inapplicable to this situation because it involved an act of negligence separate from the advertising contract which the publisher had fulfilled. *Bonfiglio*, 619 So.2d at 136 n. 1; *Soileau*, 542 So.2d at 199. In *Bunch*, the publisher correctly printed the advertiser's listing and phone number but then printed a second listing for that advertiser accompanied by a competitor's phone number. The court held that the plaintiff could recover damages for the publisher's negligence in printing the second listing, because it was independent of the contract for the first listing. *Bunch*, 356 So.2d at 106.

*Sylvester v. Trans Western Publishing*, 534 So.2d 122 (La.Ct.App.3d Cir.1988), also cited by Hussey, is distinguishable as well. In *Sylvester*, plaintiff was awarded damages for negligence when his phone number appeared in a local bank's advertisement. The plaintiff, however, had not contracted to advertise in the directory, and thus contractual relationship issues did not arise. Finally, neither *Scheinuk the Florist, Inc. v. Southern Bell Telephone & Telegraph Company*, 128 So.2d 683 (La.Ct.App. 4th Cir.1961) nor *Mayeux, Bennett, Hingle Insurance Agency, Inc. v. Southern Bell Telephone & Telegraph Company*, 148 So.2d 771 (La.Ct.App. 4th Cir. 1963) address the appropriate damages for failure to print yellow-pages advertising where the advertising contract includes a limitation of liability clause.

Here, Hussey has attempted to plead a negligence cause of action, but her complaint addresses an "omission" as described in the contract. She has no separate cause of action for negligence arising out of an incident unrelated to the contract. Thus, the total recovery permitted Hussey is governed by the contract's limitation of liability provision.

■ Hussey also claims that though she has been advertising in the yellow pages for many years, no one has ever explained the limitation of liability clause to her. She concludes, therefore, that its provisions should not apply. Yet, "[i]t is well settled that in the absence of fraud, a person signing a written document is presumed to know its contents, and [s]he may not avoid the obligations contained therein by claiming [s]he did not read the instrument." *South Central Bell Telephone Co. v. McKay*, 285 So.2d 563, 565 (La.Ct.App. 1st 1973). Further, located just above the signature box is a short form of the limitation provision as well as the statement that "[b]y signing this Order . . ., Applicant acknowledges having read, understood and agreed to the Terms & conditions on the reverse," of which one is the full

limitation provision. Hussey's unawareness of the provision does not render it impotent.

■ Finally, Hussey suggests that the contract is one of adhesion, and therefore that this court should not enforce the limitation of liability provision. Louisiana courts, however, have held otherwise. *See, e.g., Roll–Up Shutters, Inc. v. South Central Bell Telephone, Co.,* 394 So.2d 796, 798 (La.Ct. App. 4th Cir.1981). We see no reason not to enforce the parties' contract on that account.

### III.

For the reasons stated above, this court GRANTS defendants' motion for summary judgment.

