356 So.2d 104 (1978)
John B. BUNCH, Jr. and Sharon Bunch
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY.
No. 11811.
Court of Appeal of Louisiana, First Circuit.
February 13, 1978.
Rehearing Denied March 20, 1978.
*105 Donna D. Fraiche of McCollister, Belcher, McCleary, Fazio, Mixon, Holliday & Jones, Baton Rouge, for plaintiffs.
Don M. Arata, Bogalusa, for defendant.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
Defendant-appellant, South Central Bell Telephone Company, appeals a judgment awarding plaintiffs-appellees, John B. Bunch, Jr. and Sharon Bunch, the sum of $3,315.00 in damages for expenses incurred and loss of profits to plaintiffs' business due to the negligent listing of plaintiffs' business competitor's telephone number as that of plaintiffs' in the defendant's telephone directory during the period of September, 1975 to September 1976.
Plaintiffs answered the appeal seeking to increase the amount of the award to $5,000.00 and requesting an award for expert witness fees in the amount of $150.00.
The facts giving rise to this suit are as follows:
In April of 1975 plaintiffs purchased a franchise from the Creole Corporation for the operation of the Tastee Freez drive-in food service business located at 622 Rio Grande in Bogalusa, Louisiana, which had been previously operated by Mr. Clinton Barber. At the time plaintiffs began their operation of the Tastee Freez, there was no telephone listing since Mr. Barber had retained the existing phone number and opened a Tasty Creme drive-in food service business located at 1211 Sunset Drive, also in Bogalusa. The telephone company's directory assistant started giving the wrong number for Tastee Freez as soon as plaintiffs went into business.
In the telephone directory of September, 1975, the listing was as follows:

"Tastee Freez
 1211 Sunset Dr ______________ 732-2123
Tastee Freez
 622 Rio Grande _______________ 732-7300
Tasty Creme
 1211 Sunset Dr _______________ 732-2123"

Consequently, if the first listing of Tastee Freez was called by a customer they would actually reach plaintiffs' competitor, Tasty Creme.
In Reasons for Judgment the trial court concluded: "Under the jurisprudence of this state there is no question of defendant's liability for these incorrect listings *106 whether for breach of contract or sounding in tort." And, with respect to damages, the trial court concluded:
"The evidence indicates that plaintiff had a loss in business of around $1000.00 per month from September of 1975 until September of 1976 when the new directories came out with the correct listing. The evidence further indicates a profit margin of 12% of gross sales. Consequently, a $1440.00 loss can be attributed to the incorrect listing. In addition there are advertising costs over and above normal in an attempt to overcome the error. Bills in the amount of $750.00 were introduced. At least 50% of these are attributable to the incorrect listing, or $375.00.
"The correct listing came out in August of 1976, and plaintiffs continued to operate the business until March of 1977. The business never regained its former level of profit. However, it is entirely too speculative to fix with a degree of mathematical certainty any loss of profits carrying over from the incorrect listing during the period the business was open under a correct listing.
"Loss of profits must be proved with reasonable certainty. Falcon v. South Central Bell Telephone Co., 327 So.2d 631. However,
`Notwithstanding the absence of "provable damages" . . . (T)he provisions of LSA-R.C.C. Art. 1934, Par. 3 afford recovery when damage cannot be proven with precise mathematical certainty. . . .'Falcon v. South Central Bell Telephone Co., supra, at pg. 632.
"It is apparent that the incorrect listing damaged plaintiff to some extent after the listing was corrected, since obviously some business was lost from the incorrect listing which was never recovered. Although this loss is not provable with mathematical certainty the Court finds that an additional $1500.00 will compensate plaintiff for defendant's negligence."
South Central Bell asserts the following assignment of errors:
"1. There was no evidence that defendant breached its contract with plaintiffs.
"2. Plaintiffs' sole complaint concerns listing `Tastee Freez' at an incorrect address and with an incorrect number; plaintiffs were not the exclusive owners of the `Tastee Freez' name and Creole Corporation has not objected.
"3. Plaintiffs failed to show any damages with legal certainty, and nonpecuniary damages are not proper in this case.
"4. If plaintiffs were damaged, and damages were proven, the amount is limited by the contract to abatement of charges."
South Central Bell first contends that it published all listings requested by plaintiffs, that there were no omissions, and that therefore it should not be liable to plaintiffs for breach of contract.
The evidence supports a finding that South Central Bell fulfilled its obligations under the contract, however, plaintiffs' claims, as well as the basis for the judgment of the trial court, were not limited to the contract between the parties. South Central Bell negligently listed the phone number of plaintiffs' competitor's business as that of plaintiffs' business immediately before that of plaintiffs' correct listing. Plaintiffs' business suffered injury as a result of the preceding incorrect listing notwithstanding the fact that plaintiffs' listing was correct. Article 2315 of the Civil Code provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
South Central Bell further contends that plaintiffs have no cause to complain about the incorrect listing because plaintiffs were not the exclusive owners of the "Tastee Freez" name, and Creole Corporation has not objected. However, there was no other "Tastee Freez" in the area; consequently, South Central Bell had no reason to make such a listing. Furthermore, the injury lies not in the listing of the name "Tastee Freez", rather it lies in the listing of that name together with that of plaintiffs' competitor's phone number and address. *107 Therefore, we find no merit in South Central Bell's second contention.
South Central Bell next asserts that plaintiffs failed to show any damages with legal certainty. We cannot agree. The award for loss of profits and increased advertising expenses attributable to the incorrect listing was amply supported by credible evidence. As to that portion of the trial court's judgment which awarded $1,500.00 to plaintiffs for damages occurring after the listing had been corrected, we affirm as being within the "much discretion" granted to trial judges by the last paragraph in La.C.C. Art. 1934(3).
Finally, South Central Bell asserts that damages should be limited by the terms of their contract to abatement of the charges. Having determined that plaintiffs' cause of action is not one in contract, there is no merit in this contention.
The damages awarded are within the trial court's discretion and plaintiffs' request for an increase thereof is denied.
Finally, there is no evidence of record upon which to support an award of expert witness fees.
The judgment of the trial court is therefore affirmed at defendant-appellant's costs.
AFFIRMED.