376 So.2d 1311 (1979)
Lawrence MARINO, d/b/a Marino's Florist
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY.
No. 12757.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Mac R. Trelles, Jr., Baton Rouge, for plaintiff-appellant, Lawrence Marino.
Victor A. Sachse, III, Baton Rouge, for defendant-appellee, South Central Bell Tel. Co.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from a summary judgment dismissing this suit for damages based on breach of contract and on negligence.
We affirm.
Plaintiff contracted with defendant for the publication of yellow-pages advertising. *1312 The advertisement was omitted from the book; plaintiff claims he suffered a loss of business.
There was a clause in the contract limiting damages to the charges paid. Such a provision has been declared valid. Wilson v. Southern Bell Tel. & Tel. Co., 194 So.2d 739 (La.App. 1st Cir. 1967). The charges have been refunded; so summary judgment was proper as to a cause of action based on contract.
However, plaintiff also asserted negligence because of defendant's failure to include the ad in the book, to proof-read the pages, and to notify plaintiff of the omission.
However, we believe that these allegations are simply restatements of the breach of the contract. This, then, would be covered by the contractual provision limiting damages.[1]
We are not impressed with plaintiff's argument that the limitation provision should be invalidated because it was not called to his attention during the hurried signing of the contract. We have examined the contract signed by the parties and do not find it misleading in its containment on the front and back of the page, especially in view of its reference on the front immediately above plaintiff's signature to the "terms and conditions set forth on the reverse side hereof."
For these reasons we affirm the judgment at appellant's costs.
AFFIRMED.
NOTES
[1] We find Bunch v. South Central Bell Tel. Co., 356 So.2d 104 (La.App. 1st Cir. 1978) inapplicable because that case involved a contract that had been fulfilled plus negligence not arising from the contract.