394 So.2d 796 (1981)
ROLL-UP SHUTTERS, INC.
v.
SOUTH CENTRAL BELL TELEPHONE CO.
No. 11654.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1981.
*797 Murray, Murray, Ellis, Braden & Landry, Julian R. Murray, Jr., New Orleans, for Roll-Up Shutters, Inc., plaintiff-appellant.
Raymond J. Salassi, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for South Central Bell Tel. Co. and L. M. Berry and Co., defendants-appellees.
Before BOUTALL, GARRISON and KLIEBERT, JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court limiting the amount of recovery by the plaintiffs from the defendants in accordance with the terms of the contract entered into between the parties.
On December 12, 1977, the plaintiff, Roll-Up Shutters, Inc. entered into a contract with South Central Bell Telephone Co. (hereinafter referred to as SCBT) for the purchase of advertising in the Yellow Pages issued by SCBT. L. M. Berry and Co. (hereinafter referred to as LMB) represented SCBT as its agent in procuring the sale of advertising space in the directory from the plaintiff. The advertisement purchased by the plaintiff was to include printed language as well as a drawing depicting the roll-up shutters to be sold by Roll-Up Shutters, Inc. When the Yellow Pages were published in April of 1978 a defect appeared in the drawing depicting the shutters sold by the plaintiff. Subsequently, Roll-Up Shutters, Inc. filed suit against LMB and SCBT seeking recovery for the alleged loss of business and revenues as well as damages to the reputation of the business as a result of the defect in the advertisement. Although the defendants answered denying any liability unto the plaintiff, they abandoned this to contend only that their liability should be limited in accordance with the terms of the contract to abatement of the charges for advertising.
Upon conclusion of the plaintiff's case in the trial by jury, the lower court granted a directed verdict in favor of plaintiff but, however, limiting the defendants' liability to $1,480.20 as per the terms of the contract with the plaintiff. From this judgment, the plaintiff has appealed devolutively.
The evidence before us reveals that Norris Babin, the President of Roll-Up Shutters, Inc. contacted SCBT in November of 1977 inquiring about purchasing an advertisement in the Yellow Pages. In response to this inquiry, Walters of LMB visited Babin to discuss such a purchase. Thereafter, a contract was entered into between Babin on behalf of Roll-Up Shutters, Inc. and Walters on behalf of SCBT. This contract contained a provision which limited the liability of SCBT to the amount of charges for advertising and for any errors which may appear in the advertisements in its Yellow Pages Directory. The provision states:
"The Telephone Company's liability on account of errors in or omissions of such advertising shall in no event exceed the amount of charges for the advertising which was omitted or in which the error occurred in the then current directory issue and such liability shall be discharged by an abatement of the charges for the particular listing or advertisement in which the omission or error occurred."
In connection with this purchase, a sample copy of the advertisement was proposed containing printed language as well as space for drawings of the shutters as they would normally appear on a residence or business. Babin submitted two photographs of the shutters from which the drawings were to be made. Babin approved the sample ad but at that time the drawings of the shutters had not yet been made. Before Babin had the opportunity to view the advertisement in its final form, the Yellow Pages were published. The plaintiff in its published form contained a defect in the drawings in that the shutters were depicted as rolling up from the bottom of the window instead of from the top. In *798 other words, the drawings were upside down. As a result of this defect, this litigation arose.
On appeal there are two basic issues presented for our consideration. They are as follows: 1.) whether the trial court committed error in limiting the liability of the defendants SCBT for the defective advertisement in accordance with the terms of the limitation of liability clause contained in the contract with Roll-Up Shutters, Inc. and 2.) whether the trial court acted properly in limiting the liability of the defendant LMB according to the limitation of liability provision when LMB was not a party to the contract.

-I-
La.C.C. Art. 1901 provides: "Agreements legally entered into have the effect of laws on those who have formed them. They cannot be revoked, unless by mutual consent of the parties, or for causes acknowledged by law." The jurisprudence interpreting this article has espoused the general rule that a contract is the law between the parties, unless it is contrary to the law or public morals. Kogos v. Lemann, La.App., 285 So.2d 548 (4th Cir. 1973) writ refused La., 288 So.2d 648; Cagle Supply of Lafayette, Inc. v. Hinson, La.App., 155 So.2d 773 (3d Cir. 1963). With respect to the instant case, the question is whether the limitation of liability clause contained in the contract between Roll-Up Shutters and SCBT is contrary to the law on public morals.
The case before us is very similar to the one faced by the court in Wilson v. Southern Bell Telephone and Telegraph Service, Inc., La.App., 194 So.2d 739 (1st Cir. 1967). In that case the plaintiff-owner of a tax service entered into a contract with Southern Bell Telephone and Telegraph Service, Inc. for the purchase of an advertisement in the Yellow Pages directory. When the advertisement was published a defect appeared in the printed wording which described the plaintiff's tax service as a "taxi" service. The contract entered into between these parties contained a limitation of liability clause almost identical to the one before us. The appellate court upheld the validity of the liability limitation provision thereby limiting the plaintiff's recovery to the cost of the advertising. This decision upholding the validity of this provision was followed by the same court in Marino v. South Central Bell Tel. Co., La.App., 376 So.2d 1311 (1st Cir. 1979).
The question of the validity of this type of limitation of liability provision has been considered by various decisions in other jurisdictions. The large majority of these decisions have upheld it thereby limiting the telephone company's liability for defective advertisements in its Yellow Pages to the amount of the advertising charges. See: Davidian v. Pacific Tel. & Tel. Co., 94 Cal. Rptr. 337, 16 Cal.App.3d 750; Woodburn v. Northwestern Bell Tel. Co., Iowa, 275 N.W.2d 403; Smith v. Southern Bell Tel. and Tel. Co., 364 S.W.2d 952, 51 Tenn.App. 146. However, we note that some courts have limited the application of such a provision to acts of ordinary negligence or carelessness. Such a limitation provision will not be applicable to gross negligence or willful or wanton misconduct; Robinson Ins. and Real Estate, Inc. v. Southwestern Bell Telephone Co., D.C., 366 F.Supp. 307; Holman v. Southwestern Bell Tel. Co., D.C., 358 F.Supp. 727.
The plaintiff contends that the liability limitation clause is adhesionary and therefore, unenforceable. However, no primary authority is offered to support such a contention nor are we able to find any Louisiana jurisprudence applying such a concept. We see no reason to contravene the overwhelming majority viewpoint upholding the validity of this provision. Therefore, we find that such a provision is not contrary to the law or public morals.
Regarding the instant matter, we find that the trial court did not commit an error in applying the limitation of liability provision to the evidence presented. As previously indicated, the defect in the advertisement was in connection with the drawings depicting the shutters themselves. The balance of the advertisement was free or error. Such a defect can hardly be described *799 as anything but carelessness. There was no evidence presented as to gross negligence or willful or wanton misconduct which could have taken the matter outside of the limitation of liability provision.
This case is clearly distinguishable from Bunch v. South Central Bell Tel. Co., La. App., 356 So.2d 104 (1st Cir. 1978) because that case involved a contract that had been fulfilled plus negligence not arising from the contract.

-II-
Plaintiff contends that LMB is liable for its negligence in connection with the preparation of the defective advertisement and its appearance in the Yellow Pages. LMB contends that its liability is limited to that of its principal, and that the limitation of liability contract similarly applies to it. LMB is not mentioned specifically in any place in the contract, which was prepared as a contract between South Central Bell Telephone Company and the prospective customer. The contract provision is quoted above.
It is basic law under Civil Code Article 3013 that the mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers. None of these exceptions apply in this case and the uncontested facts show that LMB is an agent of SCBT thus, for those matters coming within the province of the contract itself there is no obligation or duty owed plaintiff.
Plaintiff contends however that LMB is guilty of negligence in the preparation of the advertisement and that it is responsible in part. We have recently pointed out this distinction in the case of Richardson v. Darby, 352 So.2d 725 (La.App. 4th Cir. 1977). In this case, the duty to do the work connected with the correct publication, that is, execution of the contract between the parties, is mainly owed by the agent towards its principal which employs it rather than directly to the advertiser. Nevertheless, assuming, but not deciding, that LMB may be liable for any tortious acts committed against plaintiff, a review of the record indicates no evidence of any negligence or other tortious activity committed by LMB. The trial judge in his reasons for judgment expressly so found, and we agree.
Under these circumstances, we see no liability on the part of LMB, but we note that the directed verdict cast LMB along with SCBT under the limitation provisions. Because LMB has not appealed or answered the appeal, there is no issue raised before us on that.
For the above reasons, the judgment appealed from is affirmed.
AFFIRMED.