LABORDE, Judge.
Plaintiff, Donald K. Butcher, D. C. brought this suit for breach of contract against South Central Bell Telephone Company alleging an omission of one of ten listings of his name in the 1978 South Central Bell Telephone directory. The trial judge found that defendant had in fact breached its contract and awarded plaintiff damages in the amount of $1,500. Plaintiff appeals seeking an increase in damages. Defendant answered the appeal, urging that the award be reduced. We find no manifest error in the findings of fact by the trial judge, nor do we find an abuse of discretion by the trial court in the damages awarded to plaintiff.
Donald K. Butcher is a chiropractor. When contacted by a representative of defendant, Dr. Butcher contracted for his name to be placed in the yellow pages of the 1978 telephone book under “CHIROPRACTORS D C” exactly as it appeared in the 1977 directory, viz:
*198 “BUTCHER DONALD K DC Chiropractic Physician Evangeline Chiropractic Clinic Hours 8AM-6PM Mon-Fri Saturday 9AM-2PM Fiesta Village Shopping Center 4416 Johnston_981-2937”
The 1978 telephone book was in use in the Lafayette area for a period of eleven (11) months; from October, 1978, through August, 1979. Contrary to Dr. Butcher’s agreement with defendant, his name did not appear in the 1978 directory as contracted for.
At the trial and again on appeal, Dr. Butcher attempted to prove that the omission of one of his ten requested listings in the 1978 telephone directory cost him approximately $26,000. He reasons that since he had 136 new patients directly attributable to referrals from the phone book in the eleven month period that the 1977 phone book was in use in the Lafayette area and only 33 new patients during the comparable period when his name was omitted from the 1978 phone book (a loss of 103 patients) and since the established average fee for each new patient is $192.25 less $1.50 for costs of X-ray film, Dr. Butcher sustained a net loss of $19,647.25.[1]
Dr. Butcher further argued that 36% of his new patients were referred by old patients. Therefore, in addition to the 103 patients that he could reasonably anticipate from telephone referrals during 1978, he lost 36% of 103 or 37 patients, resulting in an additional loss of $7,113.25 less the $1.50 per patient costs for X-ray, amounting to a net loss of $7,057.75. The combined losses sustained by Dr. Butcher during 1978, according to his projections, totaled $26,705.
Defendant presented no evidence and at the end of plaintiff’s presentation, the distinguished trial judge ruled that Dr. Butcher did contract with South Central Bell for the omitted listing but that due to the multiple listings requested by Dr. Butcher, it would be speculative to predicate a quantum award in the amounts computed by the doctor under his patient card referral theory. Nonetheless, the trial judge went on to find that defendant did breach the contract by failing to list the doctor as he wanted to be listed and that for this, he was entitled to some damages. Accordingly, plaintiff was awarded $1,500.
It is a well-recognized fact that the income of professional practitioners fluctuates from year to year. In fact the practice of Dr. Butcher showed an increase during the years concerned in this trial. We agree with the trial judge that it is difficult to fix damages with any degree of certainty and it is of course improper for us to indulge in speculation.
However, Dr. Butcher’s contractual rights were clearly violated and he is entitled to be compensated for his losses. We find no abuse of the “much discretion” afforded the trial judge in awarding damages. LSA-C.C. art. 1934(3). See Levy v. Southern Bell Telephone and Telegraph Co., 172 So.2d 371 (La.App. 4th Cir. 1965) and Weinberg v. Southern Bell Telephone & Tel. Co., 174 So.2d 178 (La.App. 4th Cir. 1965), writ refused, 247 La. 1031, 175 So.2d 645 (1965).
For the reasons assigned the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Dr. Butcher follows a practice of having his new patients fill our introductory cards. As part of this procedure, the new patient is asked to indicate a referral source. Dr. Butcher utilized this information in arriving at his damage computations. However, we note that the referral cards did not require of the new patient that he designate which of the ten listings led him to Dr. Butcher.