445 So.2d 1304 (1984)
LOUISIANA SHOES, INC.
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY.
No. 83-CA-576.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 1984.
Joel Levy, Levy & Levy, Marrero, for plaintiff/appellant.
*1305 Raymond J. Salassi, Jr., Jones Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant/appellee.
Before CHEHARDY, BOWES and GAUDIN, JJ.
BOWES, Judge.
The present case is before us on appeal from the granting of summary judgment in favor of defendant. We affirm the decision of the trial court.
Plaintiff, Louisiana Shoes, Inc., contracted with South Central Bell Telephone Company for an advertisement listing in the directory "Yellow Pages" for 1979 and thereafter. The advertisement was omitted from the directory during the period of April 1981 through the date of filing of suit. Plaintiff sued South Central Bell for breach of contract, alleging loss of business as a result of its absence from the yellow pages.
Bell filed a motion for summary judgment, averring in its supporting memorandum that the "standard" limitation of liability clause[1] renders Bell liable only for an abatement of the charges for the listing, that such charges were not rendered to the plaintiff, and that plaintiff had no further cause of action against Bell. The trial judge reluctantly granted the summary judgment, stating he felt compelled to do so because of the "monolithic jurisprudential approval upholding the limitation of liability clause." Plaintiff appealed, alleging 1) the limitation clause is adhesionary and against public policy; 2) the limitation of liability provision is a separate obligation lacking cause and is therefore a nullity; and 3) the limitation of liability provisions only applies where there is an absence of negligence.
We, too, feel compelled to follow the established jurisprudence of Louisiana (and practically every other jurisdiction in this country) that such limitation of liability clauses as in the present case are valid and not against public policy. Appellant has attempted, unsuccessfully, in our opinion, to distinguish this situation from the cases of Wilson v. Southern Bell Telephone & Telegraph Co., 194 So.2d 739 (La.App. 1st Cir.1967), Marino v. South Central Bell Tel. Co., 376 So.2d 1311 (La.App. 1st Cir. 1979), Roll Up Shutters, Inc. v. South Central Bell Tel., 394 So.2d 796 (La.App. 4th Cir.1981), and Willhite v. South Central Bell Telephone Company, 693 F.2d 340 (5th Cir.1982). Neither can we distinguish them.
The plaintiff also contends that the limitation clause is adhesionary, and thus unenforceable. He cites no pertinent authority for such contention, however, and we find no Louisiana cases which advance the theory of adhesion to invalidate a contract. We are presented with no compelling reason to defy the vast majority of cases upholding these clauses.
We did discover one case, Butcher v. South Central Bell Tel. Co., 398 So.2d 197 (La.App. 3rd Cir.1981) which allowed damages in a case similar to this. However, the limitation of liability clause was not advanced as a defense; therefore, we are unable to regard the case as viable precedent.
With regard to appellant's next specification of error, we find his argument somewhat muddled in this area and, again, we are offered absolutely no authority to support the issue. Appellant's conclusion that the limitation clause is null because it is without cause is so tenuous that, without foundation in applicable law or jurisprudence, we are obliged to dismiss it without further comment.
For our purposes, it is sufficient to state that such limitation of liability clauses are valid in the context of the theories argued by appellant. Agreements entered *1306 into have the effect of laws on those who have formed them. La.C.C. 1901. Parties may by their contract determine the sum to be paid as damages for breach. La.C.C. 1934(5). Here plaintiff and defendant stipulated that damages would not exceed the amount of the advertising charge. Such clause is binding on both parties, and while it may seem unfair, it is certainly unambiguous. Our courts traditionally decline to relieve parties to contracts of their bad bargains. Maloney v. Oak Builders, Inc. 235 So.2d 386 (La.1970).
Finally, plaintiff asserts that such limitation of liability clauses do not defeat a claim founded in negligence. Bunch v. South Central Bell Telephone Company, 356 So.2d 104 (La.App. 1st Cir.1978), supports this argument. However, plaintiff's petition does not disclose an allegation or action in negligence. Had he premised his case as one of negligence, this court might be inclined to remand the matter for a full trial on the merits. Under the circumstances presented, however, we have no option but to affirm the trial court, albeit with the same reluctance expressed by the trial court in its original judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The liability of the Telephone Company, or of any person or firm soliciting advertising for it, on account of errors in or omissions of the advertising described on the reverse side, or advertising, changes or deletions subsequently ordered by the applicant by telephone or otherwise, shall in no event exceed the amount of charges for the advertising, which was omitted or in which the error occurred in the then current directory issue, and such liability shall be discharged by an abatement of the charges for the particular listing or advertisement in which the omission or error occurred.