COLE, Judge.
The primary issue in this appeal is whether an error made by plaintiff in a telephone directory advertisement entitles the defendant to an abatement of the advertising charges originally agreed upon by the parties.
On March 30, 1982, plaintiff, South Central Bell Telephone Company (Bell), entered into a contract with defendant, AA Auto Salvage, Inc., through its authorized agent, Mike Pino, for certain listings and an advertisement in the “yellow pages” of the 1982 Baton Rouge telephone directory. This contract provided for a monthly charge of $418.90. However, when the advertisement was printed, it incorrectly listed defendant’s location as Denham Springs, Louisiana. Defendant’s place of business is actually located in Livingston, Louisiana. Bell acknowledged this error occurred through the fault of its own agents or employees, without any fault on the part of defendant. All other information listed in the advertisement was correct.
Due to the error in the advertisement, Bell offered to reduce defendant’s monthly charges by twenty per cent. Defendant declined this offer and refused to pay any of the charges billed to it by Bell. On March 7, 1983, Bell filed suit against defendant, seeking recovery of $4,825.20, the full amount billed to defendant for the thirteen months the 1982 telephone directory was current. Defendant filed an answer and reconventional demand in which it sought damages for lost business resulting from the incorrect listing of its location. Subsequently, however, defendant and Bell entered into a consent judgment dismissing defendant’s reconventional demand because of the existence of a limitation of liability provision in the contract entered into between them. This provision limited Bell’s liability in cases of errors in “yellow page” advertisements to an abatement of the advertising charges.
Following trial on the merits, this matter was taken under advisement. The court ultimately rendered judgment in favor of defendant on June 11, 1984, dismissing Bell’s suit at its costs. Bell has now appealed this judgment.
Bell argues the trial court erred in allowing hearsay testimony by defense witnesses to show defendant lost business as a result of the error in the advertisement. Bell maintains defendant failed to establish any defense to its claim by competent evidence.
However, we find it unnecessary to consider Bell’s hearsay argument since the defective performance of the contract is readily apparent from a simple examination of the printed advertisement. This advertisement indicates defendant’s place of business was located on Range Road in Denham Springs, when it was in fact located in Livingston. The effect of the error was compounded by the fact there is a Range Road in Denham Springs, as well as in Livingston. The Range Road located in Denham Springs is one of that town’s major thoroughfares.
Although the advertisement contained a small map, the details included in it were so sketchy it did little to alleviate the confusion. In fact, it may have worsened the situation since one of the defendant’s competitors is located near Range Road in Den-ham Springs in approximately the same position off the interstate as defendant is located in Livingston, as shown by the map (copy of which is attached as Appendix A).
The contract between the parties provided Bell’s liability for any errors in “yellow page” advertisements was to be “discharged by an abatement of the charges for the particular ... advertisement in which the ... error occurred.” The trial court granted a total abatement of the advertising charges due to the error made by Bell. We affirm.
The error made in the advertisement was of a very substantial nature. The advertisement gave incorrect information with respect to a crucial item of information, which was one of the principal causes of the contract. Accordingly, we conclude Bell’s performance of its contractual obligations was so defective as to justify a total abatement of the advertising charges *643 which would otherwise have been due under the contract. Cf. Roll-up Shutters v. South Cent. Bell Tel., 394 So.2d 796 (La.App. 4th Cir.1981), writ denied, 399 So.2d 599 (La.1981).
For this reason, we find Bell has failed to carry its burden of proving its claim against defendant. Appellant is to pay all costs of this appeal.
AFFIRMED.
APPENDIX A