542 So.2d 198 (1989)
SOILEAU & COREIL, Plaintiffs-Appellants,
v.
TRANS-WESTERN PUBLISHING, Defendant-Appellee.
No. 87-1402.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
A. Gaynor Soileau, Ville Platte, for plaintiffs-appellants.
Jack P. Showers, Lafayette, for defendant-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
The present case is before us on appeal from the granting of summary judgment in favor of defendant. We affirm.
Plaintiffs are attorneys and sole partners in the partnership of Soileau and Coreil. Defendant is engaged in the business of publishing business advertisements in a publication known as "The Telephone Book." Plaintiffs contracted with defendant for a business ad in the yellow pages of "The Telephone Book." When the advertisement appeared in the publication, the telephone number of a Lafayette law *199 firm was listed opposite the names of the plaintiffs and their law firm. Plaintiffs sued Trans-Western Publishing seeking damages for defendant's negligence and in their petition, they plead res ipsa loquitur.
Defendant filed a motion for summary judgment, averring in its supporting memorandum that its liability under the contract for errors and omissions in the advertisement was limited to the price paid for the advertising and that this amount has been refunded to plaintiffs. Secondly, defendant averred that plaintiffs cannot prove any damages. The trial judge granted the motion for summary judgment based upon the limitation of liability clause in the contract and upon the fact that plaintiffs failed to state facts which would establish an independent cause of action in tort. Plaintiffs appealed alleging that the granting of summary judgment in this situation was improper.
La.C.C.P. art. 966 in pertinent part states: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Thus, the pertinent inquiry is whether there was an issue as to material fact in the present case.
The record indicates that Trans-Western Publishing introduced a copy of the contract entered into between it and plaintiffs. The contract contained a limitation of liability clause which renders defendant liable only for an abatement of the charges for the listing in the case of an error or omission. Defendant also introduced the affidavit of its district manager, Scott Heyer, which stated that plaintiffs paid $170.00 for the advertising which forms the subject of this lawsuit and such amount was refunded to plaintiffs.
It is well established in our jurisprudence that such limitation of liability clauses as in the present case are valid and not against public policy. Louisiana Shoes, Inc. v. South Central Bell Tel. Co., 445 So.2d 1304 (La.App. 5th Cir.1984). Because the limitation of liability clause was valid and because the charges have been refunded, we find that there were no issues as to material facts in the present situation and summary judgment was proper as to the cause of action based on contract.
Plaintiffs urge that while the summary judgment may have been proper as to the cause of action based on contract, their petition contains allegations sufficient to constitute an independent cause of action in tort, i.e., the negligence of defendant in printing the wrong phone number. We believe, however, that these allegations are simply restatements of the breach of contract. This, then, would be covered by the contractual provision limiting damages. See Marino v. South Central Bell Tel. Co., 376 So.2d 1311 (La.App. 1st Cir.1979). We are aware of the holding in Burch v. South Central Bell Tel. Co., 356 So.2d 104 (La. App. 1st Cir.1978), however, we find Burch to be inapplicable because unlike the present situation, that case involved a contract that had been fulfilled plus an additional act of negligence not arising from the contract.
Accordingly, for the reasons assigned, the judgment of the lower court is affirmed. All costs are assessed to plaintiffs-appellants.
AFFIRMED.