619 So.2d 135 (1993)
Frank M. BONFIGLIO
v.
BELLSOUTH ADVERTISING & PUBLISHING CORPORATION.
No. CW 92 0782.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
Stay Denied; Writ Denied July 1, 1993.
Leon Rudloff, Metairie, for plaintiff.
Raymond Salassi, Jr., New Orleans, for defendant.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOIL, Judge.
The defendant brings this supervisory writ application seeking a review of the trial court's denial of its motion for summary judgment based on a limitation of liability contract provision. Finding merit in its argument, we grant the writ and reverse the trial court judgment.

FACTS
The plaintiff, Frank M. Bonfiglio, is a chiropractor in Tangipahoa Parish. On November 18, 1987, he entered into a written contract with the defendant, Bellsouth Advertising & Publishing Corporation (BAPCO), for the purchase of an advertisement in the yellow pages of the telephone book. For a monthly fee, he obtained a three-quarter page ad in the "chiropractors" section. When Mr. Bonfiglio received the telephone directory, he noticed that his ad was placed on the wrong page under "clinics" instead of "chiropractors." He immediately notified BAPCO, who refunded the cost of the ad which was already paid and reversed all future charges. This constituted the recovery specified in a limitation of liability clause in the contract.
Thereafter, Mr. Bonfiglio filed suit seeking recovery of damages caused by the improper placement of his advertisement. He alleged that he suffered a decrease in gross income in excess of $40,000.00 and sought to recover an unstated amount representing lost profits.
*136 BAPCO filed a motion for summary judgment, contending that Mr. Bonfiglio's claim against it is contractual in nature and, as such, the recoverable damages are limited by the terms of the contract. The contract entered into by the parties provided that BAPCO's liability on account of errors or omissions in advertising was limited to the amount of charges for the advertisement. In this case, BAPCO refunded all amounts charged to Mr. Bonfiglio's account and abated all future monthly charges. Thus, BAPCO claimed entitlement to summary judgment as a matter of law.
After a hearing on the motion, the trial court took the matter under advisement and subsequently rendered judgment denying the same. It is from this judgment that BAPCO filed the instant application for supervisory writs.
La.Code Civ.P. art. 966 provides that summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Thus, the issue presented for our review is whether any genuine issues of material fact or law exist concerning BAPCO's liability to Mr. Bonfiglio, thereby precluding summary judgment in its favor.
It is well settled in our jurisprudence that limitation of liability clauses, virtually identical to the clause in the present contract, are valid and not against public policy. Soileau & Coreil v. Trans-Western Publishing, 542 So.2d 198 (La.App. 3d Cir. 1989); Louisiana Shoes, Inc. v. South Central Bell Telephone Company, 445 So.2d 1304 (La.App. 5th Cir.1984); Roll-Up Shutters, Inc. v. South Central Bell Telephone Co., 394 So.2d 796 (La.App. 4th Cir.), writ denied, 399 So.2d 599 (La.1981); Marino v. South Central Bell Telephone Company, 376 So.2d 1311 (La.App. 1st Cir. 1979). Because the limitation of liability clause is valid and the charges were refunded to Mr. Bonfiglio as provided in the contract, we find that there were no genuine issues as to material fact and BAPCO was entitled to summary judgment as a matter of law on the cause of action based on the contract.
In written reasons for judgment, the trial court stated, in part, as follows:
The jurisprudence cited by defendant and the contract itself refer to errors and omissions. However, in this case the ad was in fact run, so there was not an omission. The ad was run correctly, so there was not an error. Instead, plaintiff alleges the ad was misplaced, which could be interpreted as negligence. Although the Court fails to see the distinctions relied upon in some of the prior cases, strictly speaking the instant case involves neither an error nor an omission and therefore this jurisprudence is inapplicable.
We disagree with the trial court that the uncontroverted facts of this case disclose a cause of action in negligence. While the text of the advertisement was correct, the entire ad was incorrectly placed under the heading "clinics" instead of "chiropractors." Clearly, this misplacement was an "error" in the advertisement. As such, plaintiff's cause of action lies in breach of contract and he is therefore bound by the contractual provision limiting damages. See Soileau & Coreil v. Trans-Western Publishing, 542 So.2d at 199; Marino v. South Central Bell Telephone Company, 376 So.2d at 1312.[1]
For the foregoing reasons, the judgment of the trial court denying the motion for summary judgment filed by Bellsouth Advertising & Publishing Corporation is hereby reversed and judgment is entered in its favor dismissing the suit against it. Costs of this appeal are assessed to the plaintiff-respondent.
REVERSED AND RENDERED.
NOTES
[1] As did the courts in Soileau and Marino, we find the case of Bunch v. South Central Bell Telephone Company, 356 So.2d 104 (La.App. 1st Cir.1978), to be inapplicable because, unlike our situation, that case involved a contract that was correctly fulfilled plus an additional act of negligence not arising from that contract.