763 So.2d 827 (2000)
CONTINENTAL KENNEL CLUB, INC.
v.
FANCY PUBLICATIONS, INC., Dog Fancy, Inc., and Dogs USA.
No. 00 CA 0124.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
Jacques M. Roy, Chris J. Roy, Sr., Alexandria, for PlaintiffAppellant Continental Kennel Club, Inc.
C. Gordon Starling, Jr., Rachel M. Azzarello, New Orleans, for DefendantsAppellees Fancy Publications, Inc., Dog Fancy, Inc., and Dogs USA.
Before: FOGG, PARRO, and FITZSIMMONS, JJ.
FOGG, J.
On appeal, the plaintiff contests a judgment sustaining the defendants' exception no cause of action and dismissing the plaintiff's action for negligent publication. For the following reasons, we affirm.
On August 12, 1998, Continental Kennel Club, Inc. (CKC), filed a petition for specific performance and damages, naming as defendants Fancy Publications, Inc., Dog Fancy, Inc., and Dogs USA. Therein, CKC alleged that, on or about June 18, 1996, it *828 entered into a contract with Fancy Publications to buy advertising space in two periodicals, Dog Fancy and Dogs USA. Among other things, CKC alleged it relied on the representations of Fancy Publications that advertisement material would appear in magazines published and distributed only in the United States. However, the advertisement was published in the international version of Dogs USA. With respect to this allegation, the plaintiff sued for breach of contract and for negligent publication.
The defendants responded to the lawsuit with various exceptions, including an exception of no cause of action by which they asserted that the petition failed to state a cause of action for negligent publication.[1] After considering the exceptions, the trial court sustained the exception of no cause of action on the issue of negligent publication and dismissed that claim. In his reasons for judgment, the trial judge stated that the present action constitutes a contractual dispute, and the allegations are for breach of contract, not a tort action for negligent publication. He further stated that amendment of the petition could not cure this defect. The plaintiff appealed that judgment,[2] contending the trial court erred in determining it has no cause of action for negligent publication.
In support of its position, CKC refers to the case of Bunch v. South Central Bell, 356 So.2d 104 (La.App. 1 Cir.1978). In that case, South Central Bell, in one listing, correctly listed the plaintiffs business name and number, but negligently, in a second listing, listed the phone number of the plaintiffs competitor as that of the plaintiff. Thus, a call intended for the plaintiff resulted in a call to his competitor. The court found that the contract for listing was correctly performed; then, in addition to its commitment under the contract, the defendant listed a second advertisement. The second advertisement was listed negligently resulting in damage to the plaintiff. That damage occurred outside the contract for listing, and the plaintiffs recovery for that damage was in tort. Bunch, 356 So.2d at 106.
The appellees rely on the case of Bonfiglio v. Bellsouth Advertising & Publishing Corp., 619 So.2d 135 (La.App. 1 Cir.), writ denied, 620 So.2d 864 (La.1993). In that case, the plaintiffs advertisement was incorrectly placed under "clinics" instead of "chiropractors," as the agreement had contemplated. The court held that there was no cause of action for negligence. The misplacement of the advertisement was an error in the advertisement and therefore, a breach of contract, and not an action sounding in tort. Bonfiglio, 619 So.2d at 136. The Bonfiglio court distinguished Bunch because, in that case, the contract was correctly fulfilled, plus there was an additional act of negligence. Bonfiglio, 619 So.2d at 136 n. 1.
The instant case is easily distinguishable from the Bunch decision. In Bunch, the contract had been fulfilled when negligence occurred that did not arise from the contract. Herein, the appellant asserts solely that the advertisement was defective in that it was published too broadly. This does not constitute an allegation of an additional act beyond the terms of the contract. Therefore, the Bonfiglio case is controlling, and any error sounds in contract, not tort. The trial court correctly sustained the exception of no cause of action and dismissed the plaintiffs claim for negligent publication.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Continental Kennel Club, Inc.
AFFIRMED.
*829 PARRO, J., concurs.
FITZSIMMONS, J., dissents, and assigns reasons.
FITZSIMMONS, Judge, dissenting with reasons.
I respectfully dissent from the majority's holding that sustains the exception of no cause of action in negligence. Fancy Publications fulfilled the terms of its contract with Continental Kennel Club, Inc. to advertise in various magazines circulated within the United States. The alleged breach occurred as a result of action above and beyond the scope of the contractual agreement. Paralleling Bunch v. South Central Bell Telephone Company, 356 So.2d 104 (La.App. 1st Cir.1978), in which this court recognized an action in negligence for a claim based on the publication of a listing in addition to the correct listing, the claim sub judice focuses on the harm caused by additional advertisements beyond the scope of the correctly executed ones.
Accordingly, I would reverse the grant of the exception of no cause of action for negligent publication.
NOTES
[1] Although other exceptions were filed and acted on by the trial court, only the trial court's sustaining of the exception of no cause of action was appealed.
[2] The trial court designated this partial judgment as final and appealable pursuant to LSA-C.C.P. art. 1915(B).