# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1359

HERBERT ISADORE D/B/A EXACTAX

VERSUS

INTERFACE SECURITY SYSTEMS
AND ITS INSURER, XYZ INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, NO. 229,687 Div. "G"
## HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## JAMES T. GENOVESE
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Clifton J. Spears, Jr.
A Professional Law Corporation
5003 Masonic Drive, Suites 119-122
Alexandria, Louisiana 71301-3373
(318) 442-6240
COUNSEL FOR PLAINTIFF/APPELLANT:
	Frederick Kirk d/b/a ExacTax

**Madeline J. Lee**
**Amy E. McGray**
**Bolen, Parker, Brenner & Lee, LTD**
**709 Versailles Blvd.**
**Post Office Box 11590**
**Alexandria, Louisiana 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Interface Security Systems, LLC, and**
  **Everest Indemnity Insurance Company**

**Genovese, Judge.**

Frederick Kirk d/b/a ExacTax (ExacTax)[1] appeals the trial court's grant of summary judgment in favor of Interface Security Systems, LLC,[2] and its insurer, Everest Indemnity Insurance Company (collectively Interface), decreeing a limitation of liability clause contained within the service agreement between the parties to be valid and enforceable, thereby limiting ExacTax's recovery to $1,000.00. Interface filed an Answer to Appeal seeking an award of damages for ExacTax having filed a frivolous appeal. For the following reasons, we affirm the trial court's grant of summary judgment, and we deny Interface's claim for damages for frivolous appeal.

## FACTS

On December 15, 2004, ExacTax and Interface entered into a Commercial Security Services Agreement (security agreement) wherein Interface was to provide a security system to ExacTax which would alert Interface of intrusions into ExacTax's building. If an intrusion occurred, Interface was to notify the Alexandria Police Department and a representative of ExacTax of the incident. When the security system failed to signal intrusions on November 8, 2006, November 15, 2006, January 3, 2007, and January 31, 2007, relative to four separate and distinct burglaries, ExacTax filed suit for damages against Interface.

Interface filed a Motion for Summary Judgment relative to the validity and enforceability of the limitation of liability clause contained within the security

---

[1]This suit originated with the filing of a Petition for Damages by Plaintiff, Herbert Isadore, who, according to the original pleading, was the owner and operator of ExacTax. By means of a First Supplemental and Amending Petition for Damages, the petition was amended to aver that Frederick Kirk was the owner of ExacTax. We note that although the caption of these proceedings was never formally amended, the trial court did sign an order providing that "FREDERICK KIRK d/b/a EXACTAX be substituted as a party plaintiff for Herbert Isadore d/b/a ExacTax."

[2]Although the Petition for Damages names "INTERFACE SECURITY SYSTEMS" as a Defendant, its Answer reflects that the proper name of the Defendant is "INTERFACE SECURITY SYSTEMS, LLC."

agreement which limited Interface's liability to the total sum of $1,000.00 collectively.[3] The trial court granted summary judgment in favor of Interface. ExecTax appealed; Interface filed an Answer to Appeal.

## ASSIGNMENT OF ERROR

The sole error presented by ExacTax for our review is whether the trial court erred in granting summary judgment in favor of Interface. In its Answer to Appeal, Interface seeks "an award of damages for frivolous appeal due to there being no serious, substantial or legitimate legal issues."

## LAW AND DISCUSSION

### Motion for Summary Judgment

Interface's Motion for Summary Judgment asserts that there are no genuine issues of material fact that the service agreement between it and ExacTax contains a valid and enforceable limitation of liability clause which serves to limit its liability to $1,000.00 collectively. The relevant contractual provision (emphasis added) reads, in pertinent part, as follows:

> **3. DISCLAIMER/LIMITATION OF LIABILITY.** CUSTOMER UNDERSTANDS AND AGREES AS FOLLOWS . . . (V) SHOULD THERE ARISE ANY LIABILITY ON THE PART OF COMPANY OR REPRESENTATIVES FOR ECONOMIC LOSSES, PERSONAL INJURY, INCLUDING DEATH, OR PROPERTY DAMAGE (REAL OR PERSONAL) WHICH IS IN CONNECTION WITH, ARISES OUT OF OR FROM, RESULTS FROM, IS RELATED TO OR IS A CONSEQUENCE OF THE ACTIVE OR PASSIVE SOLE, JOINT OR SEVERAL NEGLIGENCE OF ANY KIND OR DEGREE OF COMPANY OR REPRESENTATIVES INCLUDING, WITHOUT LIMITATION, ACTS, ERRORS OR OMISSIONS WHICH OCCUR PRIOR TO, CONTEMPORANEOUSLY WITH OR SUBSEQUENT TO THE EXECUTION OF THIS AGREEMENT, OR BREACH OF THIS AGREEMENT, OR ANY CLAIM BROUGHT IN PRODUCT OR STRICT LIABILITY, SUBROGATION, CONTRIBUTION OR

---

[3]The record also contains an exception and two previously filed Motions for Summary Judgment on behalf of Interface which are not relevant to the present appeal.

2

INDEMNIFICATION, WHETHER IN CONTRACT, TORT OR EQUITY, INCLUDING, WITHOUT LIMITATION, ANY GENERAL, DIRECT, SPECIAL, INCIDENTAL, EXEMPLARY, PUNITIVE, STATUTORY OR CONSEQUENTIAL DAMAGES, IRRESPECTIVE OF CAUSE, **SUCH LIABILITY SHALL BE LIMITED TO THE MAXIMUM SUM OF $1,000.00 COLLECTIVELY FOR COMPANY AND REPRESENTATIVES, AND THIS LIABILITY SHALL BE EXCLUSIVE.**
IN THE EVENT THAT THE CUSTOMER WISHES TO INCREASE THE MAXIMUM AMOUNT OF SUCH LIMITED LIABILITY, CUSTOMER MAY, AS A MATTER OF RIGHT, OBTAIN A HIGHER LIMIT BY PAYING AN ADDITIONAL AMOUNT FOR THE INCREASE IN SUCH LIMIT OF LIABILITY, BUT THIS PAYMENT SHALL IN NO WAY BE INTERPRETED TO HOLD COMPANY OR REPRESENTATIVES AS AN INSURER.

In an effort to eschew this contractual provision, ExacTax asserts that genuine issues of material fact remain as to the alleged willful or deliberate acts of Interface, which it contends are not within the purview of the limitation of liability clause. ExacTax argues to this court that "[a]s long as one's negligence does not cause physical injury to another, contractual provisions are valid to eliminate completely or to partially limit liability for losses due to negligence, but not for losses caused by intentional acts or gross fault." Though ExacTax concedes that "[b]y its own terms, the contract exculpates [Interface] from liability for any losses, even if due to its negligent performance or failure to perform an obligation[,]" it concludes that "this language does not include willful failure to monitor the system or other deliberate disregard of a contractual duty."

On appeal, we are mindful that our Louisiana Supreme Court has instructed us on the standard of review relative to a motion for summary judgment as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, [06-363 (La.11/29/06)], 950 So.2d 544, [*see* La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court

3

using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, [06-1181 (La.3/9/07)], 951 So.2d 1058[ ]; *King v. Parish National Bank*, [04-337 (La.10/19/04)], 885 So.2d 540, 545; *Jones v. Estate of Santiago*, [03-1424 (La.4/14/04) ], 870 So.2d 1002[.]

*Samaha v. Rau*, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83 (footnote omitted). Louisiana Code of Civil Procedure Article 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Kerry v. Pearson*, 10-103, pp. 4-5 (La.App. 3 Cir. 6/2/10), 40 So.3d 463, 466.

Thus, in the instant matter, Interface, as mover, bears the initial burden of proving its entitlement to summary judgment. In support of its motion, Interface offered the service agreement between the parties containing a limitation of liability clause,[4] thereby meeting its initial burden. Having done so, the burden then shifts to

---

[4]   It is well settled in our jurisprudence that limitation of liability clauses, virtually identical to the clause in the present contract, are valid and not against public policy. *Soileau & Coreil v. Trans-Western Publishing*, 542 So.2d 198 (La.App. 3d Cir.1989); *Louisiana Shoes, Inc. v. South Central Bell Telephone Company*, 445 So.2d 1304 (La.App. 5th Cir.1984); *Roll-Up Shutters, Inc. v. South Central Bell Telephone Co.*, 394 So.2d 796 (La.App. 4th Cir.), *writ denied*, 399 So.2d 599 (La.1981); *Marino v. South Central Bell Telephone Company*, 376 So.2d 1311 (La.App. 1st Cir.1979).

*Bonfiglio v. Bellsouth Adver. & Publ'g Corp.*, 619 So.2d 135, 136 (La.App. 1 Cir.), *writ denied*, 620 So.2d 864 (La.1993).

ExacTax which bears the burden of proof at trial on its allegations that willful or deliberate acts of Interface negate the limitation of liability provision. In order to meet its burden of proof, ExacTax cannot merely rely on the allegations in its pleadings but must "produce factual support sufficient to establish that it will be able to satisfy [its] evidentiary burden of proof at trial." La.Code Civ.P. art. 966(C)(2).

Pursuant to our de novo review of the record, we conclude that ExacTax failed to produce any evidence to establish that it will be able to prove any intentional acts or gross fault by Interface at trial. With nothing in the record to establish that it will be able to prove this element of its claim at trial, ExacTax has failed to carry its burden of producing evidence that a genuine issue of material fact remains. Accordingly, we find that Interface's Motion for Summary Judgment was properly granted by the trial court.

**Answer to Appeal**

In its Answer to Appeal, Interface seeks an award of damages pursuant to La.Code Civ.P. art. 2164 for what it deems to be a frivolous appeal by ExacTax. Applying La.Code Civ.P. art. 2164, this court has stated the following:

> Louisiana Code of Civil Procedure Article 2164 provides for an award of damages for frivolous appeal. Lack of merit to an appeal does not necessarily mean that the appeal is frivolous. *Hershell Corp. v. Fireman's Fund Ins. Co.*, 98-1352 [(]La.App. 3 Cir. 6/2/99); 743 So.2d 698. "Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed." *Hampton v. Greenfield*, 618 So.2d 859, 862 (La.1993). "Damages for frivolous appeal are only allowed when 'it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious.'" *Id. (quoting Parker v. Interstate Life & Accident Ins. Co.*, 248 La. 449, 179 So.2d 634, 636-37 (1965)).

*Broussard v. Union Pac. Res. Co.*, 00-1079, pp. 9-10 (La.App. 3 Cir. 1/31/01), 778 So.2d 1199, 1205, *writ denied*, 01-589 (La. 4/27/01), 791 So.2d 118.

5

After a thorough review of the record, we cannot say that ExacTax instituted the present appeal for the sole purpose of delay, nor do we find that counsel was insincere in the view of the law advocated. Based upon the record and mindful of the penal nature of an award of damages under this article, we do not find this appeal to be either devoid of merit or frivolous; therefore, we deny Interface's claim for damages for frivolous appeal.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of Interface Security Systems, LLC and Everest Indemnity Insurance Company. Further, we deny the claim of Interface Security Systems, LLC and Everest Indemnity Insurance Company against Frederick Kirk d/b/a ExacTax for damages for the filing of a frivolous appeal. All costs of these proceedings are assessed against Frederick Kirk d/b/a ExacTax.

**AFFIRMED.**