CONERY, Judge, hThe Defendant-Relator, Louie Street Apartments, Inc. (hereinafter sometimes referred to as the Corporation), seeks supervisory writs from the judgment of the Fourteenth Judicial District Court, Parish of Calcasieu, the Honorable Sharon Dar-ville Wilson presiding, which denied the Corporation’s motion for, summary judgment. -For the following reasons, the Cor-r poration’s writ is granted and made peremptory. All claims made against the Corporation by Plaintiff/Respondent Jennifer Williams are dismissed with prejudice. All costs are assessed to Plaintiff/Respondent J ennifer Williams. STATEMENT OF THE CASE Plaintiff/Respondent, Jennifer Williams, was injured when a picnic table bench seat collapsed, causing her to fall to the ground. The bench was located on the grounds of a housing project called the Louie Street Apartments. The Corporation owns the property on which the bench was located. However, the apartments and grounds are managed and maintained by the Calcasieu Association for Retarded Citizens (CARC), for whom Ms. Williams was working at the time of the accident. Ms. Williams filed suit against the Corporation based on its ownership of the property on which the bench was located. The Corporation filed the subject motion for summary judgment contending that Ms. Williams could not recover against it. The Corporation claims that, although it owns the property, it did not own the bench. The Corporation notes that CARC manages the property and maintains it. The Corporation also pointed put that CARC purchased the bench Rand assembled it. Therefore, the Corporation claimed that it could not be held accountable for Ms. Williams’s injuries. A hearing on the motion for summary judgment was held by the trial court on February 6, 2017. At the conclusion of the hearing, the trial court denied the motion. The court minutes state that the trial court would sign a written judgment upon presentation, although the transcript does not contain this ’ statement. The Corporation filed a Notice'of Intention to Apply for Supervisory Writs and Request to Set a Reasonable Return Date on February 15, 2017. Also, on this same date, the Corpora-* tion filed a request for written reasons for judgment to be issued Not having received a signed order setting the return date, among other things, the Corporation filed a motion for an extension of the return date on March 1, 2017. When neither an order setting the original return date nor an order setting the extension of the return date was received by the Corporation, the Corporation sent to this court its Motion to Extend Return Date to File an Application for Supervisory Writ, docketed by this court as CM 17-240, and its Application for Supervisory Writ, docketed by this court as CW 17-241. Although the date stamp from this court’s clerk’s office indicates that these items were filed on March 9, 2017, in actuality, the items were received by this court bearing a postmark date of March 8, 2017.[1] A letter from this court’s clerk’s office notifying the parties and the trial court of the writ application’s filing states that the writ “has been received and filed, as of the postmark date of March 8, 2017.” Since these initial filings, several supplemental filings have been made by the Corporation, including the transcript of the February 6, 2017 hearing; the |swritten reasons signed by the trial court on March 10, 2017, in which the trial court denies the, motion for summary judgment; an order signed by the trial court on February 27, 2017, which set the original return date for the filing of the writ application for March 6, 2017; and an order signed by the trial court on March 10, 2017, extending the return date for the filing of the writ application to April 6, 2017. CM 17-240 MOTION TO EXTEND RETURN DATE TO FILE AN APPLICATION FOR SUPERVISORY WRIT This court denies the motion for extension of return date as moot. A review of the pleadings filed by the Corporation in the trial court clearly reflects the Corporation’s good .faith attempts to obtain .the timely setting of a return date for the filing of a writ application. The original request was filed with the trial court within a few days of the hearing held February 6, 2017, and the request for the setting of the return date was filed February 15, 2017. When the Corporation had not received an order setting the return date by the end of February, the Corporation filed a request for an extension of the return date on March 1, 2017, which was also within thirty days of the hearing on the motion for summary judgment and was filed prior to the expiration of the return date initially set by the trial court. Ultimately, the trial court signed an order setting the initial return date for March 6, 2017. By that time, the Corporation had already filed its motion for an extension of the return date with the trial court. When the extension:was signed, the trial court had extended the return date to April 6, 2017. By that date, the Corporation had filed its writ application with this court and filed its motion for an extension of the return date with this court. This court finds that the .writ ^application was timely filed and denies the motion for extension of the return date as moot. On May 9, 2017, this court issued an Order in Docket Number 17-0241, stating: WRIT GRANTED. Defendant-Realtor, Louie Street Apartments, Inc., is hereby given until May 23, 2017, to file any additional brief, if desired. Plaintiff-Respondent, Jennifer Williams is hereby given until May 30, 2017, to file any additional brief, if desired. If a party desires to have oral argument in this matter, the moving party may file a motion, with the appropriate filing fee, stating the reasons why oral argument is necessary in this case, by no later than May 23, 2017. No additional briefs were filed and neither of the parties requested oral argument. We will, therefore, address the merits of the writ in this' opinion. SUPERVISORY RELIEF A court of appeal has plenary power to exercise supervisory jurisdiction over trial courts and may do so at' any time, according to the discretion of the court. In cases in which a peremptory exception has been overruled by the trial court, the appellate court appropriately exercises its supervisory jurisdiction when the trial court’s ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved. In such instances, judicial efficiency and fundamental fairness to the litigants dictate that- the merits of the application for supervisory writs should bé decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. Herlitz Const Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) (per curiam). This supervisory jurisdiction may also be exercised to reverse a trial court’s denial of a motion for summary judgment and to enter summary judgment in favor of the mover. See Hoover v. Livingston Bank, 451 So.2d 3 (La.App. 1st Cir.1984); Bonfiglio v. Bellsouth Advertising and Pub. Corp., 619 So.2d 135 (La.App. 1st Cir.), writ denied, 620 So.2d 864 (La.1993). Charlet v. Legislature of State of La., 97-0212, pp. 6-7 (La.App. 1 Cir. 6/29/98), 713 So.2d 1199, writs denied, 98-2023, 98-2026 (La. 11/13/98), 730 So.2d 934. In her opposition filed in this court, Ms, Williams contends that this court should decline to exercise its supervisory jurisdiction as there are' “no compelling Rwrit grant considerations.” We disagree. This court finds merit to the Corporation’s motion for summary judgment. Should Ms. Williams’ suit be dismissed, the Corporation will have avoided incurring the expenses of preparing and going through trial. Therefore, there are valid reasons for considering the merits of the Corporation’s writ application. . The thirtieth day from the hearing held on February 6, 2017, was March 8, 2017.